CHAMBERLAIN *et al* v. JUPPIERS *et al.*

1. REFERENCE OF AN ISSUE IN CHANCERY TO A JURY. The chancellor may refer any question of fact raised by the pleadings in an equity cause to a jury; but is not required in so doing to refer all such questions therein arising.
2. PRESUMPTIONS. When the record does not disclose all of the evidence submitted to the jury, on the trial of an issue of fact referred by the chancellor, the Supreme Court will presume that the issue was properly made under the direction of the chancellor, and that none but proper evidence was permitted to go to the jury.
3. EXCEPTIONS: WHERE. The Supreme Court will not consider an objec-

tion to the form in which an issue is stated by a chancellor to a jury, when such objection is taken for the first time after the appeal.

4. *Brink* v. *Morton*, 2 Iowa 415, cited, explained and held inapplicable to this case.

*Appeal from Lee District Court.*

TUESDAY, APRIL 16.

*Gibson Browne* for the appellants, to the point determined by the opinion of the court, cited *Brink* v. *Morton*, 2 Iowa 422.

*Rankin & Miller* for the appellees, reviewed *Brink* v. *Morton*, *supra*, and contended that it is inapplicable to the case at bar.

BALDWIN, J. — The complainants by their bill seek the foreclosure of a mortgage given to secure the payment of two promissory notes. The defendants in their answer claim that the notes were obtained by fraud, deceit, &c., and without any valuable consideration; and set out specifically the manner in which they were obtained. The defendants craved a trial by jury, first, upon the question of fraud, and second upon the question of consideration. The court submitted to the jury the following issue, viz: Were the notes and the mortgage, which are sued on in this case, obtained from defendants by fraud?

Upon this issue, under the evidence, the jury found affirmatively, and judgment was rendered accordingly, and from this the plaintiffs appeal.

The portion of the record which purported to contain the evidence introduced before the jury, was, upon motion at the last term of this court, stricken from the files, the same not having been properly certified.

The only point now relied upon by the appellants, is that the issue presented by the chancellor to the jury, was broader than the one made by the pleadings.

The chancellor has the power to direct any question of

fact, arising in an equity cause, to be submitted to the consideration of a jury; but in so doing he is not required to refer all the questions of fact in the case raised by the pleadings. One of the issues in this case, as made by the pleadings, was that the notes sued on were obtained by fraud. The fraudulent manner is specifically charged, and the issue to the jury was one of fraud, without setting out the particular manner in which the notes were fraudulently obtained. This court must regard this issue as made before the jury under the direction of the court; and it is to be presumed that no evidence would have been permitted by the chancellor to have gone to the jury, except it was such as tended to support the pleadings. The appellants made no objection to the form of the issue as given to the jury by the chancellor. There was no exception to the order of the chancellor taken at the time; and this question cannot be raised for the first time in this court. *The Western Stage Company* v. *Walker*, 2 Iowa 504.

The appellants rely upon the case of *Brink* v. *Morton*, 2 Iowa 416, as supporting their assignment of error. It is true that this court found that the court in that case had presented to the jury a much broader issue than that made by the pleadings. But we think that the cases are not analagous; nor do we think the court would have interfered with the finding in that case, had not all the evidence that was introduced before the jury been before this court.

Judgment affirmed.