THE MERIDEN SAVINGS BANK vs. ELIZABETH A. McCORMACK ET AL.

Third Judicial District, New Haven, June Term, 1906.
BALDWIN, HAMERSLEY, HALL, PRENTICE and THAYER, Js.

In the absence of a constitutional or statutory provision conferring such right, parties are not entitled to have issues of fact in equitable actions tried to a jury; although the court may refer them to a jury if it sees fit.

No provision in our Constitution or statutes confers such right.

A suit by a stakeholder to determine the rights of two or more claimants to the fund in his hands, and to enjoin them from suing him pending such determination, is an equitable action, and the claimants have no right to a jury trial of the issues raised by their respective answers. The right to maintain such an action existed long before the Act of 1893 (General Statutes, § 1019) and is not dependent upon that statute.

So far as such statute (§ 1019) authorizes an action of interpleader, it is merely declaratory of a long-existing right in equity; in so far as it purports to authorize similar proceedings on behalf of others than stakeholders, and also, perhaps, in giving a wider scope to the proceedings in certain cases, it affords a new remedy.

Shortly before her death, the owner of a savings-bank deposit voluntarily requested her physician to fill out an order in the bank-book in favor of a friend, signed said order and had it witnessed, and then handed the book containing the order to her friend with suitable words of gift, with the intention of making an absolute gift of the deposit. *Held* that upon these facts the trial court was fully justified in finding that there had been a valid gift.

The donee had been brought up by the donor from childhood; they were strongly attached to each other; the donor was seriously

ill, and the donee was present in the sick room with her father and the attending physician when the gift in question was made. *Held:*—

1. That these facts did not disclose such a confidential relation as to justify a prima facie presumption of undue influence and cast upon the donee the burden of proving that the transaction was fair, voluntary and well understood.
2. That for aught that appeared of record the trial court might have exacted this burden of the donee in reaching its conclusion that the donor's action was taken with a clear mind, voluntarily, and in the consummation of an intention long entertained and often · expressed.

Argued June 7th—decided July 30th, 1906.

ACTION of interpleader to determine the respective rights of the defendants in and to a bank deposit held by the plaintiff, brought to the City Court of Meriden and thence, by appeal of the defendant Waldron, administrator, to the Superior Court in New Haven County, and tried to the court, *Case, J.;* facts found and judgment rendered in favor of Elizabeth A. McCormack, and appeal by the defendant Waldron, administrator, from the refusal of the trial court to allow the issues raised by the respective claimants to be tried to the jury. *No error.*

*Cornelius J. Danaher*, for the appellant (Waldron, administrator).

*Patrick T. O'Brien*, for the appellee (Elizabeth A. McCormack).

PRENTICE, J. One Mary L. Butler during her life deposited with the plaintiff sums of money which at her decease amounted to $2,237.17. After her decease, July 4th, 1904, this deposit was claimed by the defendant Waldron as the administrator of her estate, and by the defendant Elizabeth McCormack as the donee of said depositor and the possessor of the bank-book and an order payable to her signed by said depositor. The plaintiff thereupon brought this action of interpleader, making said two claimants ·defendants.

The defendant Waldron, administrator, feels aggrieved because the court struck from the jury docket the issues of fact which were joined upon the claims and pleadings of the interpleading parties. He asserts the right to place these issues upon that docket, and that he duly exercised that right.

The power of equity courts to submit an issue of fact to a jury is a well-recognized one. 16 Cyc. 413. We are here, however, dealing with the right of a party to compel such action and not with the power of a court to permit it. The question as to the defendant's rights in the premises starts with the accepted proposition that, in the absence of a constitutional or statutory provision, a jury forms no part of the equity system; that under that system the court has power to determine all issues, and that no party is entitled as of right to have any issue tried by a jury. We have no pertinent constitutional provision save that the right of trial by jury shall remain inviolate, that is, as it existed prior to the adoption of the Constitution. *Seeley* v. *Bridgeport*, 53 Conn. 1, 2, 22 Atl. 1017. As issues of fact in equity were determined by the court long before the adoption of our Constitution, this provision does not concern such issues. A statute prescribes what issues may be placed upon the jury docket at the pleasure of a party, and what may not. General Statutes, § 720. The former class includes " appeals from probate involving the validity of a will, or paper purporting to be such, appeals from the doings of commissioners on insolvent estates, and, except as hereinafter provided, civil actions involving such an issue of fact as, prior to January first, 1880, would not present a question properly cognizable in equity." All other issues of fact are to be entered upon the court docket and disposed of as court cases.

The present action was brought by a savings-bank. Its complaint alleges, and the allegations thereof are found true, that it had in its hands a sum of money which had been placed with it on deposit, that this money was claimed by the two defendants under conflicting claims of title,

that the plaintiff was ignorant of the respective rights of the two claimants, that it made no claim to the money and was ready and willing to pay it over to such person as the court should direct, and that the two claimants were each threatening to sue the plaintiff therefor. The plaintiff prays that the defendants be enjoined from taking any proceedings against the plaintiff in relation to said deposit, that the defendants be required to interplead together concerning their claims thereto, and that upon delivering the same to such person as the court may order, the plaintiff be discharged from all liability to either of the defendants therefor. A judgment of interpleader was rendered, and pursuant thereto the defendants each filed his statement of claim. Issues were joined thereon. These having been heard and determined by the court in favor of the defendant McCormack, judgment was rendered directing payment to be made by the plaintiff to her, and that thereupon the plaintiff be discharged.

Section 1019 of the General Statutes, first enacted in 1893 (Public Acts of 1893, Chap. 42), provides that "whenever any person has, or is alleged to have, any money or other property in his possession which is claimed by two or more persons, either he, or any of the persons claiming the same, may bring a complaint in equity, in the nature of a bill of interpleader, to any court which by law has equitable jurisdiction of the parties and amount in controversy, making all persons parties who claim to be entitled to or interested in such money or other property," and that said court shall thereupon "hear and determine all questions which may arise in the case." In so far as this statute in terms authorizes a proceeding like the present under circumstances such as are therein set out, it was merely declaratory of a long-existing right in equity. In so far as it purports to authorize similar proceedings on behalf of other parties than a stakeholder, and perhaps also the giving of a wider scope to the proceedings in certain cases, it gave a new remedy. *Union Trust Co.* v. *Stamford Trust Co.*, 72 Conn. 86, 43 Atl. 555.

The present action is one which did not need the statute to maintain it. The allegations of the complaint state a good cause of action in equity before the statute, and the procedure and judgment thereon conform to what might then have been had. The statute is not counted upon, and in so far as the action was concerned might as well have never existed. The issues which the defendant sought to put to the jury were such as might have been framed quite regardless of any statute, and when framed would have been triable to the court. The fact that a statute, passed in 1893, gave its countenance to what for years had been an accepted equity practice did not render the questions presented by the issues framed in accordance with such practice any less questions properly cognizable in equity prior to January 1st, 1880. Such a question this action presented. It was therefore one which the defendant was without authority to place upon the jury docket.

As it was incompetent for the defendant to put the case to the jury, it is unnecessary to inquire whether or not he took the requisite steps to do so.

The defendant Waldron complains of the finding of the court of a gift to the defendant McCormack of the money on deposit with the plaintiff, because he says that such a finding is inconsistent with the denial in her answer to the complaint, of the allegation that she claimed the money by virtue of a written order given her by the depositor. Her denial was strictly true and represented her true position, which is fully disclosed in her statement of claim. She rested her claim upon the firmer foundation of the delivery of the bank-book to her with the intent to make a gift of the deposit represented thereby. The order written into the book was an incident of the transaction, but not one upon which she relied. It was so insignificant an incident that she did not even take the trouble to mention it in her statement of claim. The court has found it as a part of the history of the transaction, but the conclusion that there was a valid gift stands upon other ground consistent with the denial. *Camp's Appeal*, 36 Conn. 88;

*Minor* v. *Rogers*, 40 id. 512; *Guinan's Appeal*, 70 id. 342, 39 Atl. 482; *Metcalf* v. *Central Vermont Ry. Co.*, 78 Conn. 614, 618, 63 Atl. 633.

Complaint is made because the court, upon the subordinate facts found, reached the conclusion that there had been a gift to the defendant McCormack. It being found that the donor, acting freely and with the intention of making an absolute gift, delivered the bank-book to the intended donee, all the requisites of a good gift of the deposit represented thereby appear. See cases last cited.

The relations existing between the donor and donee are found to have been as follows: For fifteen years prior to the date of the gift, which was two days before her death, the donor had been the housekeeper for the widowed father of the donee, who during this period had grown from childhood to be about twenty-one years of age. During that portion of this time which was covered by the donee's childhood and girlhood, the donor had had full care and control of the donee, and the two had become and remained strongly attached to each other. The gift was made in the presence of the donor's attending physician and the donee's father. The finding upon this point is, in brief, that the donor voluntarily requested the physician to fill out to Miss McCormack the order blank contained in her bankbook, which he did, that she then signed it and he witnessed it, that she then handed the book, with the order thus upon it, to the donee with suitable words of gift, and that the donee thereupon received it. The donee's participation in the transaction and in the events which led up to it are, so far as appears, confined to her presence and her receipt of the proffered book.

Upon these facts the defendant Waldron claims that the court should have found that a confidential relation existed between the parties, and ruled that that relation created a prima facie presumption of undue influence on the part of the donee, and that therefore the burden was upon her to show that the transaction was fair, voluntary and well understood.

Two sufficient answers to this contention suggest themselves at once. In the first place no situation was shown which called for the application of the rule sought to be invoked. In the second, it does not appear that the court did not apply it. The court has in explicit terms found that the donor's action was taken with a clear mind, voluntarily, and without undue or improper influence, and in the consummation of an intention long entertained and often expressed. We cannot assume that these conclusions were reached without due weight having been given to the evidence presented and facts shown.

There is no error.

In this opinion the other judges concurred.