JACOB MALKAN ET ALS. *vs.* OTTO HEMMING ET ALS.

Third Judicial District, New Haven, June Term, 1909.
BALDWIN, C. J., HALL, PRENTICE, THAYER and RORABACK, Js.

A suit for the specific performance of a contract to buy real estate, or, in lieu thereof, to recover damages, is an equitable action solely, and therefore the parties are not entitled, as a matter of right, to a jury trial of any of the issues joined; although under chapter 236 of the Public Acts of 1905 the trial court may order such a trial of any of the issues, upon application of either party.

An original contract which is afterward changed by mutual consent becomes a new agreement.

An agreement for the sale of real estate is within the statute of frauds; and any modification of such agreement is equally within the statute and can be proved only by a writing or memorandum signed by the parties to be charged therewith.

In the present case the defendants denied making either the original contract or the contract as modified, both of which were alleged in the complaint.  *Held.* that inasmuch as there was written evidence

of the execution of the original contract by the defendants, the
plaintiffs were entitled to have that issue passed upon, although
they were properly nonsuited upon the issue respecting the modi-
fied agreement, because no written evidence thereof had been
submitted.

The memorandum of agreement in the present case was signed in the
firm name of the defendants by one of them only. *Held* that the
record disclosed sufficient evidence to go to the jury upon the
question of his authority to act for his partners.

One of the terms of purchase was that the defendants should assume a
first mortgage of $13,000 on the premises which were to be con-
veyed to them, and the complaint alleged a tender to the defend-
ants of a deed containing this provision. There were in fact three
mortgages amounting in all to that sum, and the deed as tendered
provided that the defendants should assume all three; but the de-
fendants did not object to the deed upon that ground. *Held* that
the variance, if it were such, could not now be urged by the de-
fendants to invalidate the tender.

Argued June 1st—decided July 20th, 1909.

SUIT for the specific performance of a contract to pur-
chase real estate, or, in lieu thereof, $10,000 damages,
brought to the Superior Court in New Haven County,
where, on a trial to the jury, the plaintiffs were nonsuited
(*Case, J.*), and from the refusal to set aside such judgment
they appealed. *Error and new trial ordered.*

*Richard H. Tyner*, for the appellants (plaintiffs).

*Charles S. Hamilton*, for the appellees (defendants).

THAYER, J. The complaint as amended sets up a con-
tract, evidenced by a writing under seal, entered into by
the plaintiffs and defendants for the sale by the former to
the latter of certain real estate situated in New Haven, to
be paid for partly in cash, partly by the assumption by the
defendants of a first mortgage of $13,000 then existing
upon the premises, and the balance by a note to be secured
by a mortgage upon the purchased premises. The con-
veyance was to be made and the transaction completed at

a future day.   Prior to that date, the complaint alleges, there was a modification of the contract by parol, whereby the defendants, instead of giving the note secured by mortgage for the balance of the purchase price, were to convey to the plaintiffs a parcel of land on Butler Street, then standing in the name of Benjamin Hemming.   The complaint alleges the tender by the plaintiffs of the deed called for by the contract as originally made and as modified, and their continued readiness to perform their part of it, and the neglect of the defendants to perform their part of either contract, and asks for the specific performance of the contract as modified, or other equitable relief, and if that is refused, for $10,000 damages.   The answer denies substantially all the allegations of the complaint, and alleges that the original contract was obtained by fraud, which latter allegation is denied in the reply.

Just what issues were on trial to the jury is not clear from the record.   It appears there that the plaintiffs filed a notice that they desired some (indicating them), but not all, of the issues in the case tried to the jury.

This is an equitable action, and is not brought to recover damages and also for equitable relief, and so does not fall within the provisions of § 722 of the General Statutes as amended by § 3 of chapter 56 (p. 284) of the Public Acts of 1905.   Being an equitable action solely, the plaintiffs were not entitled, as a matter of right, to a jury trial of any of the issues joined.   *Meriden Savings Bank* v. *McCormack*, 79 Conn. 260, 263, 64 Atl. 338.   Under chapter 236 of the Public Acts of 1905, p. 441, the court might, upon the application of either of the parties to the action, order any of the issues of fact which had been joined in the case to be tried to the jury.   No such order appears in the record.   But as the issues indicated by the plaintiffs for trial by the jury included all the issues raised by the pleadings except three, which related to the plaintiffs' readiness to carry out their part of the contract, the de-

fendants' refusal to carry out theirs, and the plaintiffs' loss by depreciation in the value of their property, we may assume that the case proceeded as though all the issues were to be determined by the jury. The court, in nonsuiting the plaintiffs, seems to have so treated it, and upon the argument it has been so treated by counsel for both parties.

If the original contract was modified and changed by subsequent agreement, the contract as changed became a new contract. *Teal* v. *Bilby,* 123 U. S. 572, 578, 8 Sup. Ct. Rep. 239; *Rollins* v. *Marsh,* 128 Mass. 116, 120; *Rogers* v. *Rogers,* 139 id. 440, 444, 1 N. E. 122. The original contract, being for the sale of real estate, was within the statute of frauds, and no action could be maintained upon it unless it, or some memorandum thereof, was made in writing and signed by the parties. The modified contract, as alleged and attempted to be proved, was equally within the statute. *Swain* v. *Seamens,* 9 Wall. (U. S.) 254, 271; *Hill* v. *Blake,* 97 N. Y. 216, 222. The alleged modification provided for the conveyance of the Benjamin Hemming land by the defendants to the plaintiffs. This could only be proved by a written contract, or memorandum thereof. No such evidence was offered, and although parol evidence of it was offered and received against the objection of the defendants, there was no legitimate evidence of the modified contract to go to the jury. The nonsuit was therefore properly granted, unless the plaintiffs were entitled to have a finding of the jury upon the issues joined as to the original contract.

The defendants denied that they made either of the contracts. As tending to prove the original contract, a written memorandum under seal, and other evidence, was introduced. There was evidence sufficient to go to the jury upon the question whether this contract was made. If it was proven, and the modification claimed was not proven, the plaintiffs were entitled to judgment under

that contract; for the defendants admitted that they had not performed their part of it. The complaint sufficiently presents a case for such a judgment upon the original contract. In fact, as originally drawn, it counted only upon that contract. The issues presented relating to the first count were improperly taken from the jury.

The nonsuit is attempted to be sustained by the appellees upon the ground that the written memorandum of contract was not signed by the three defendants individually, but only by G. F. Hemming, one of them, and that there was no evidence of his agency to act for the others. But there was evidence tending to show that the defendants were machinists doing business as Hemming Brothers, that two of the brothers took part in the negotiations and went to view the plaintiffs' land, that the name of Hemming Brothers was signed to the memorandum by G. F. Hemming, and that he also signed their name to a check; and this, in connection with a statement in the answer that the defendants claimed the right to rescind and did rescind the contract, was sufficient evidence to go to the jury upon the question of the agency.

It is also claimed that the nonsuit can be sustained upon the ground that the deed which was tendered to the defendants by the plaintiffs did not comply with the requirements of the written contract. The memorandum provides that the Hemming Brothers shall assume a first mortgage of $13,000 on the premises which were to be conveyed to them. There were, in fact. three mortgages, amounting in all to $13,000, instead of a single mortgage for that amount, upon the property. The deed tendered provided that the defendants assume these three mortgages, instead of one mortgage. It is said that this is a fatal variance. The defendants did not base their refusal to accept the deed upon this ground. Had they done so, the plaintiffs could doubtless have had the mortgages consolidated into one. The deed, in substance and effect,

was that which was called for by the contract, and as it was not refused upon the ground now urged to invalidate the tender, the variance, if it were such, affords no ground to invalidate the tender.

There is error and a new trial is ordered.

In this opinion the other judges concurred.