## WILLIAM DZUBIN *vs.* ALEXANDRA DZUBIN.

MALTBIE, C. J., HINMAN, BANKS, AVERY and BROWN, Js.

Argued June 10th—decided July 30th, 1936.

*Charles Albom*, with whom, on the brief, was *Robert J. Woodruff*, for the appellant (plaintiff).

*Thomas A. Finn*, with whom was *Isadore L. Kotler*, and, on the brief, *Edward G. Hall*, for the appellee (defendant).

MALTBIE, C. J.   In his substitute complaint the plaintiff alleged that he had bought with his own funds two pieces of real estate, one on Soundview Avenue and the other on Barnum Terrace, in Bridgeport, and had taken title thereto in the name of the defendant, his wife; that he had acquired, also with his own money, two mortgages which he took in the name of the defendant, one made by Anna and Steve Waslewsky and the other made by Annie Komendik; that he had also deposited money belonging to him in certain banks in the defendant's name; that all these acts were done upon an agreement that the plaintiff and defendant would use and enjoy the property jointly and that the defendant would convey or transfer it to the plaintiff on request; and that the defendant had refused to reconvey or transfer the property as agreed and had denied the plaintiff all use and enjoyment of it or of the income therefrom.   The relief claimed was $20,000 damages, an accounting of the rents, in-

come and profits, and a reconveyance or transfer of the properties to the plaintiff, with incidental injunctive relief. By an amendment the plaintiff alleged a conversion by the defendant of certain personal property of considerable value.

The defendant filed a claim for a jury trial of all issues of fact, and the case was tried to the jury. They returned a general verdict for the plaintiff to recover $200 and answered certain interrogatories submitted to them as follows: To a question whether the plaintiff owned the money that purchased the Barnum Terrace property they answered "Yes;" to a like question as to the Soundview Avenue property they answered "In part;" to a question whether the money loaned on the Waslewsky mortgage was that of the plaintiff they answered "In part;" to a like question as to the Komendik mortgage they answered "No;" to a similar question as to the bank deposits they answered "In part;" to a question whether the plaintiff proved definitely and explicitly that the property placed in the name of the defendant was not intended as a gift they answered "Yes;" and to a further question whether the plaintiff put the property in the defendant's name with intent to hinder and defraud his creditors they answered "No." The defendant moved that the verdict and answers be set aside and the trial court granted the motion, substantially on the ground that the answers were inconsistent with the general verdict and insufficient as a basis for a judgment within the allegations of the complaint.

While the amendment stated a cause of action at law for conversion, the complaint was one in equity, the remedy sought being a reconveyance or transfer of property, with an accounting of mesne profits, and a claim for damages as incidental and supplementary

relief. Such a cause of action is not of right triable by jury, although the court has a discretion to submit issues arising in it to a jury. General Statutes, § 5625; *Meriden Savings Bank* v. *McCormack,* 79 Conn. 260, 262, 64 Atl. 338; *Malkan* v. *Hemming,* 82 Conn. 293, 295, 73 Atl. 752; *Nowsky* v. *Siedlecki,* 83 Conn. 109, 113, 75 Atl. 135. Where, in an equitable proceeding, a trial by jury is had, a general verdict usually will not serve the purpose intended, which is to inform the court as to facts upon which relief, if any, is to be granted. The proper course in most instances is to submit interrogatories covering only those issues upon which the court determines in its discretion the decision of the jury is appropriate and useful. If the answers of the jury are returned and accepted, the court determines any other issues necessary to a decision of the case and gives judgment accordingly. *Roy* v. *Moore,* 85 Conn. 159, 168, 82 Atl. 233; *Nowsky* v. *Siedlecki,* supra; 96 Supreme Court Records and Briefs, p. 434, back; *Clark* v. *Brooks,* 2 Ab. Pr. N. S. (N. Y.) 385, 406; *Garrett* v. *Stevenson,* 8 Ill. 261, 278; *Chamberlain* v. *Juppiers,* 11 Iowa, 513; *Selfridge* v. *Leonard-Heffner Co.,* 51 Colo. 314, 117 Pac. 158; 21 C. J. p. 585.

The record before us contains no finding and is sadly deficient in information as to facts which would enable us satisfactorily to determine the issues upon this appeal. If the trial court submitted the interrogatories to the jury in order to enable it, in the light of the answers returned, to enter judgment upon the equitable cause of action stated in the complaint, and directed them to return a general verdict upon the cause of action at law stated in the amendment, there would seem to be no reason why it could not have entered judgment determining the action. In the light of those answers it was in a position definitely to de-

cide whether the plaintiff was entitled to relief as regards the Barnum Terrace property and the Komendik mortgage. As regards the Soundview Avenue property, the Waslewsky mortgage and the bank deposits, the answers made it clear that any rights the plaintiff had were not within the scope of the complaint, which sought primarily a conveyance or transfer upon the ground that the investments represented by them were made with his money, rather than the enforcement of his rights upon the basis that both plaintiff and defendant had contributed funds to them. See *Dolan* v. *Dolan,* 107 Conn. 342, 140 Atl. 745.

As regards the equitable issues, the judgment would not follow on the jury's answers to the interrogatories as would be the case where there is a verdict in an action at law, but would require judicial action by the trial court. We cannot, therefore, direct that judgment enter upon the complaint. Nor, in the absence of anything upon the record to show how the issues were submitted to the jury, can we assume that the general verdict was addressed solely to the action at law stated in the amendment; in fact the trial court's memorandum of decision upon the motion to set the verdict and answers to the interrogatories aside indicates the contrary. The only course which can now be taken is to retry the case, which is the necessary result of the granting of the motion to set aside the verdict and answers to the interrogatories.

The case is remanded to be proceeded with according to law.

No costs will be taxed in this court to either party.

In this opinion the other judges concurred.