JOHN BERRY ET ALS. *v.* THE HARTFORD NATIONAL BANK AND TRUST COMPANY.

MALTBIE, C. J., HINMAN, AVERY, BROWN and JENNINGS, Js.

Argued June 6—decided July 12, 1939.

*William J. Galvin, Jr.,* for the appellants (plaintiffs).

*Wallace W. Brown,* with whom was *J. Harold Williams,* for the appellee (defendant).

MALTBIE, C. J.  By writ dated April 20, 1937, the plaintiffs brought an action in which they alleged that the defendant had been acting as trustee of "funds of the plaintiffs herein" under a certain trust agreement filed as an exhibit annexed to the complaint and that the defendant had committed various breaches of duty in investing and dealing with the property, and in which they claimed as relief that the court order the defendant to make an accounting of the funds, turn them over to the plaintiffs, grant them any other relief which in law or equity might be afforded them, and also $8000 damages.  By writ dated May 19, 1937, the plaintiffs brought another action against the defendant in which it was alleged that by misrepresentations and improper practices and without consideration it had obtained the signatures of some of the plaintiffs to certain documents whereby it had illegally obtained control of the funds and converted them to its own uses and had in this way committed a breach of the trust, and the complaint asked substantially the same relief as in the earlier action except that the damages claimed were $18,000.  The trial court subsequently made an order in the second case that it be consolidated with the first and an amendment in the first case was filed to bring this about, in which the prayers for relief were the same as those stated in the two complaints except that the damages claimed were $26,000.

Subsequent to the consolidation of the actions the attorney for the plaintiffs filed a written request for the entry of the case in the docket as a jury case. Thereafter the defendant moved that the action be stricken from the jury docket and the court granted

the motion. This ruling is assigned as error. In *Barlow Brothers Co.* v. *Gager,* 113 Conn. 429, 447, 155 Atl. 628, we held that a count in a complaint seeking damages from a defendant who had been acting in a trust capacity on the ground of breach of trust was properly regarded as an action at law and that the trial court did not err in refusing to strike it from the jury docket. Defendant's counsel, inferentially at least, suggests that we were wrong in that decision, but we have no occasion to reconsider the question. In this case the prayers for relief included not only a demand for an accounting but also a specific order for the delivery to the plaintiffs of the trust funds in question. Of course relief of this nature could not be granted in an action at law and to this extent equitable issues were presented which the plaintiffs could not of right claim for submission to the jury. *Meriden Savings Bank* v. *McCormack,* 79 Conn. 260, 262, 64 Atl. 338; *Malkan* v. *Hemming,* 82 Conn. 293, 295, 73 Atl. 752; *Purdy* v. *Watts,* 91 Conn. 214, 217, 99 Atl. 496. The question is, then, whether, by reason of the claim for damages legal issues were involved in the action of such a nature that the plaintiffs were entitled as of right to have a jury trial.

Where in a complaint separate and distinct causes of action are joined, one at law and one in equity, either party has the right to have a jury trial of the issues involved in the cause of action at law. *Purdy* v. *Watts,* supra. So where there is involved in a case a cause of action for damages properly cognizable at law, the fact that relief in equity in aid of or supplemental to it is also demanded will not destroy the right of either party to have the issues at law submitted to the jury. Examples of such situations are: an action for damages for the obstruction of a right of way and for an injunction pendente lite; *Spencer* v. *New York &*

*N. E. R. Co.,* 62 Conn. 242, 243, 25 Atl. 350; for damages and to set aside a conveyance as fraudulent; *Nowsky* v. *Siedlecki,* 83 Conn. 109, 111, 75 Atl. 135; for damages for a trespass and an injunction against its continuance; *Roy* v. *Moore,* 85 Conn. 159, 82 Atl. 233; to set aside an award made under an insurance policy and for damages for a loss under the policy. *Bisnovich* v. *British America Assurance Co.,* 100 Conn. 240, 123 Atl. 339; and see *Bristol* v. *Pritchard,* 81 Conn. 451, 452, 71 Atl. 558; *Kornblau* v. *McDermant,* 90 Conn. 624, 638, 98 Atl. 587. On the other hand, where the essential right asserted is equitable in its nature and damages are sought in lieu of equitable relief or as supplemental to it in order to make that relief complete, the whole action is one in equity and there is no right to a jury trial. Examples of such cases are: an action seeking specific performance or damages in lieu thereof; *Malkan* v. *Hemming,* 82 Conn. 293, 295, 73 Atl. 752; an action for an accounting, a reconveyance or transfer of property, incidental injunctive relief, and damages; *Dzubin* v. *Dzubin,* 121 Conn. 646, 186 Atl. 652. In that case we said (p. 648): "The complaint was one in equity, the remedy sought being a reconveyance or transfer of property, with an accounting for mesne profits, and a claim for damages as incidental and supplementary relief. Such a cause of action is not of right triable by jury, although the court has a discretion to submit issues arising in it to a jury." See *Andrews* v. *Babcock,* 63 Conn. 109, 124, 26 Atl. 715; *McDonald* v. *Hartford Trust Co.,* 104 Conn. 169, 187, 132 Atl. 902. The trial court evidently construed the complaint in the case before us as one in which the essential relief sought was the delivery to the plaintiffs of the trust funds, with an accounting of the way in which the defendant had handled them, and an award of any damages found

due on account of its breaches of trust. The allegations are so confused and complicated as to make it extremely difficult to determine the particular claims the plaintiffs were making and we cannot say that the trial court could not reasonably place the interpretation upon the complaint which it did. There was no error in its ruling striking the case from the jury docket.

There are seven assignments of error. Three are directed to the matter just discussed and one, that the court erred in rendering judgment for the defendant, is too general to merit consideration. Another claimed error is in the refusal of the trial court to allow an amendment to the complaint offered after all the evidence in the case had been presented by both parties except a deposition of one of the plaintiffs; the amendment alleged a breach of trust in addition to the several stated in the consolidated complaint; so far as appears it would have introduced a new element into the case involving further testimony; the circumstances surrounding the ruling of the trial court do not appear of record; and there is nothing upon which we could base a decision that the trial court abused its discretion in refusing to permit the amendment to be filed. *Beauton* v. *Connecticut L. & P. Co.*, 125 Conn. 76, 80, 3 Atl. (2d) 315. Another assignment of error is that the trial court erred in holding that the trust was not a spendthrift trust; the trial court made no such ruling, but held that it was immaterial to the issues in the case whether it was or was not such a trust. All of the violations of trust alleged in the complaint would have been just as much violations whether or not the trust was a spendthrift trust; consequently its character was immaterial and had the plaintiffs assigned the ruling of the trial court as error, they would have taken no benefit from it.

The final assignment was that the court erred in holding that the trust was validly assignable or alienable under all the circumstances. Apparently this assignment has reference to certain transactions between the plaintiffs and the defendant involving an assignment of the plaintiffs' remainder interests in the funds. The trust was created by the father of the plaintiffs. The trust agreement provided that it should continue until the youngest living child should reach the age of thirty years, made disposition of the income until that time, and, when the youngest living child had reached the age of thirty, if the creator of the trust and his wife were both dead, directed that the principal, with any accumulations of income, should be divided equally among the children of the creator of the trust or their legal heirs. Apart from any right the plaintiffs might have to receive income from the trust fund, they each had a vested remainder interest in the principal which was alienable by them and transmissible by will or inheritance. *Perry* v. *Bulkley,* 82 Conn. 158, 168, 72 Atl. 1014; *Carpenter* v. *Perkins,* 83 Conn. 11, 17, 74 Atl. 1062; *Farnam* v. *Farnam,* 83 Conn. 369, 382, 77 Atl. 70; *Daskam* v. *Lockwood,* 103 Conn. 54, 64, 130 Atl. 92. The plaintiffs being of full age had the right to assign their remainder interests in the fund to the defendant.

In the plaintiffs' brief they state thirty-six questions as involved in the appeal. Most of these fall outside the assignments of error; nor could we, should we overlook this fact, consider them. The plaintiffs brought two actions when one would have sufficed; they divided the complaints into several counts when one would have served every purpose. The complaints fail wholly to make plain the facts upon which they rely for relief. The defendant, before the judgment-file was prepared, requested the court to incorporate

in it a special finding of facts in accordance with § 5660 of the General Statutes, and this the court did. After the plaintiffs had filed their appeal and assignments of error, they made a motion that the court make a special finding in accordance with § 5664 of the General Statutes, stating in it the facts they desired to have found. The court granted the motion and made such a finding. The defendant then moved that this be corrected and the court filed a substitute special finding. The purpose of a special finding is to place upon record the material facts upon which the judgment is based. *Corbett* v. *Matz,* 72 Conn. 610, 614, 45 Atl. 494; *Nowsky* v. *Siedlecki,* 83 Conn. 109, 116, 75 Atl. 135; Practice Book, § 232. Other matters have no place in it but can only be presented by a finding made for the purpose of an appeal. *Lippitt* v. *Bidwell,* 87 Conn. 608, 617, 89 Atl. 347. The special finding made on the motion of the plaintiffs contains matter not proper for such a finding. They were apparently seeking to have it take the place of a finding made for the purpose of the appeal, which is improper. Nowhere in the record is there such a statement of the material facts and of the claims of the parties and conclusions of the court as would enable us to pass upon most of the questions stated in the plaintiffs' brief and we could not, if we were so disposed, go outside the specific errors assigned.

There is no error.

In this opinion the other judges concurred.