[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE FROM THE JURY DOCKET
The plaintiff, Manufacturers Hanover Trust Company ("MHT"), instituted the present action to foreclose a mortgage granted to the defendant, Stamford Hotel Limited Partnership ("SHLP"). SHLP filed its answer and special defenses directed to the complaint and has also filed counterclaims and crossclaims against additional parties listed in the caption of the case. While the allegations of the counterclaims and crossclaims are extensive, they essentially assert that the case arises out of the financial collapse of the Stamford Sheraton Hotel and Towers, a project initiated in the mid 1980's by the Sheraton Corporation ("Sheraton"). SHLP further claims that during construction Sheraton determined to divest itself of its interest in the hotel and the project was sold to SHLP under an agreement whereby SHLP would own the property and Sheraton would manage the hotel. SHLP further claims that MHT was, at all times, aware of the nonviability of the project and made the initial loan to Sheraton and the developer on the basis that Sheraton would remain active in the project and ensure its success. SHLP also claims that MHT financed the sale to SHLP when it was aware of the nonviability of the project and made the loans, not on the basis of a business decision, but rather as an accommodation to Sheraton and its parent company in order to ensure profits to MHT arising out of the anticipated continued future banking relationships with Sheraton and its parent. SHLP claims that MHT intentionally withheld information relating to the transaction thereby causing SHLP to purchase the property which eventually failed. SHLP asserts claims against MHT and the crossclaim defendants for fraud, breach of fiduciary duty, aiding and abetting a breach of fiduciary duty, breach of contract, breach of covenants of good faith and fair CT Page 7358 dealing and violations of the Connecticut Unfair Trade Practices Act (CUTPA). By way of relief with respect to MHT, SHLP, claims that the MHT mortgage should be subordinated to the interest of SHLP and such further relief as the court may deem just and proper. In addition, on each of the eight counts of the counterclaim and the crossclaims, SHLP requests relief in the form of monetary damages including punitive damages and costs and attorney's fees under CUTPA.
SHLP has filed a jury trial list claim and MHT has moved to strike the case from the jury docket on the grounds that foreclosure is an equitable remedy for which SHLP is not entitled to a jury trial and that the assertion of the counterclaims and crossclaims does not alter the essential equitable nature of the case.
"An action of foreclosure is peculiarly equitable and the court may entertain all questions which are necessary to be determined in order that complete justice may be done between the parties." Hartford Federal Savings and Loan Assn. vs. Tucker,196 Conn. 172, 175 (1985), stay den. 474 U.S. 896, cert. den. 474 U.S. 920
(1985). Once an equitable claim has been raised, "the court retains its equitable jurisdiction to consider all the equities, before it in order to render complete justice." Fellows v. Martin,217 Conn. 57, 64 (1991). The court may, therefore, grant "relief to a mortgagor who can prove that equitable circumstances require withholding of foreclosure or reduction of . . . the stated indebtedness." Olean vs. Treglia, 190 Conn. 756, 771 (1983).
While SHLP does assert that the alleged conduct of MHT prevents foreclosure, SHLP also seeks affirmative relief in the form of compensatory and punitive damages. The right to a trial by jury is guaranteed by Article I, Section 19 of the Connecticut Constitution. It extends to those cases in which the right existed at common law and at the time of the adoption of our Constitution. It also extends to cases which are substantially similar thereto. At common law, legal claims were tried by a jury and equitable claims were tried by a court and, therefore, equitable actions are not within the constitutional guarantee of trial by jury. Skinner v. Angliker, 211 Conn. 370, 374 (1989). In addition, General Statutes 52-215 provides that civil actions "involving such an issue of fact as, prior to January 1, 1980, would not present a question properly cognizable in equity" are to be entered on the docket as jury cases upon proper request. Thus the foreclosure action, being essentially equitable, would not be entitled to a CT Page 7359 right to a trial by jury.
Where, however, legal and equitable issues are combined in a single action, the existence of a right to a trial by jury depends on the relative importance of the two types of claims and, where incidental issues of fact are presented in an action which is essentially equitable, the court may determine those issues without a jury in the exercise of its equitable powers. Texaco Inc. vs. Golart, 206 Conn. 454, 459 (1988). The question therefore presented is whether the claims are essentially equitable and involves an analysis of the pleadings as a whole including the complaint, counterclaims and crossclaims. United states Trust Co. vs. Bohart, 197 Conn. 34, 45 (1985); Franchi vs. Farmholme Inc.191 Conn. 201, 211 (1983).
In a number of cases, courts have held that, in foreclosure actions, legal claims asserted by the defendant for damages, did not change the essential nature of the action and therefore a right to a trial by jury did not exist. See, e.g., Gorbach Properties Inc. vs. Guilmette, 4 CSCR 430 (June 26, 1989) (Kulawiz) (mortgage was not bona fide because of usurious interest and unconscionable origination fees also constituting a violation of CUTPA and failure to comply with Truth-in Lending Regulations.); Connecticut Bank and Trust Co. vs. Trolley Bar corporation, 2 Conn. Law Rptr. 391 (1990) (Walsh, J.) (imposition of constructive trust and other equitable relief combined with monetary damage claim for breach of contract); Connecticut National Bank vs. 1234 Summer Street Limited Partnership, 3 Conn. Rptr. 33 (January 7, 1991) (Lewis, J.) (failure to recast mortgage as agreed); C.S.B. Financial Corp. vs. Malcolm Levy 3 Conn. L. Rptr. 503 (May 13, 1991) (Ryan, J.) (lack of consideration, forced to execute mortgage, breach of fiduciary duty and CUTPA.) Such cases might reasonably be viewed as presenting situations in which the essential rights asserted were equitable in nature and that the damage claims were asserted in lieu of equitable relief or supplemental to it so that no right to a trial by jury existed. Dick v. Dick, 167 Conn. 210, 220 (1974).
The court cannot conclude that the factual issues raised by SHLP are merely incidental to, ancillary to, or collateral to equitable relief or that such issues are subordinate in importance to equitable claims. In the present case, SHLP alleges a course in conduct predating its acquisition of the property and relates in part, to the purchase of the property itself. While the pleadings must be read as a whole, a counterclaim is still an independent action. U.S. Trust Co. vs. Bohart, supra at p. 45. The court CT Page 7360 cannot conclude that the claims asserted by SHLP are essentially equitable. The fact that SHLP has asserted both legal and equitable relief does not prevent the right to a jury trial on the legal issues. Where a case involves a cause of action for damages probably cognizable at law, the fact that equitable relief is claimed in aid of or supplemental to the legal claims will not: destroy the right to have the legal issues submitted to the jury. Berry vs. Connecticut National Bank and Trust Co. 125 Conn. 615,618 (1939). Accordingly, in foreclosure actions, a defendant who asserts legal claims, which are not merely in aid of, or supplemental to, equitable relief, cannot be deprived of the fundamental constitutional right to a trial by jury. Northeast Savings vs. Plymouth Commons Realty Co., 6 CSCR 684 (1991) (Slatter, J).
The court is aware of the case of Savings Bank of New London vs. Santaniello, 130 Conn. 206 (1943) which held that claims asserted by the defendant constituted a claim of a set-off which was allowable in equity and governed by equitable principles so that a trial by jury was not required. In that case the court stated: "(It) is to be noted that she (the defendant) elected to come into equity and she should not now be heard to complain of her failure to secure a jury trial. Had this seemed so important to her, she could have brought an independent action". (p. 211) The court does not regard such statements as constituting the holding of the case and the court does not believe that the statement constitutes a binding rule that any claims asserted in a foreclosure action are deemed to be equitable so that a jury trial exists only if the suit is initiated as an independent proceeding. See Northeast Savings vs. Plymouth Commons Realty Co., supra. In view of the right of a party to have legal and equitable claims determined in one action, the court does not believe that the right to a trial by jury can be waived by implication. See Heymen vs. Kline, 456 F.2d 123, 129-130 (2nd Cir. 1972)
Accordingly, motion to strike the case from the jury docket is denied.
RUSH, J.
Decision entered in accordance with the foregoing B. Mullaney (Rush, J.) Asst. Clerk 8-6-93
All counsel notified B. Mullaney (Rush J.) CT Page 7361 Asst. Clerk 8/6/93