**INNIS ARDEN GOLF CLUB**

v.

**PITNEY BOWES, INC. et al.**

**No. 3:06 CV 1352 (JBA).**

United States District Court,
D. Connecticut.

March 4, 2008.

Robert W. Allen, Robert B. Flynn, Tyler, Cooper & Alcorn, LLP, New Haven, CT, for Innis Arden Golf Club.

Diane Woodfield Whitney, Lee D. Hoffman, Pullman & Comley, Andrew N. Davis, Kevin M. Lenehan, Leboeuf, Lamb, Greene & MacRae, Doug Dubitsky, Eileen Patricia Conneely, David J. Monz, Updike, Kelly & Spellacy, P.C., Hartford, CT, Maciej A. Piatkowski, Michael T. Ryan, James A. Mahar, Ryan, Ryan, Johnson & Deluca, Amanda B. Gilman, Carol L. Dudnick, Paul, Hastings, Janofsky & Walker, John R. Harness, Law Office of John R. Harness, Stamford, CT, Jason G. Degenaro, Louis J. Bonsangue, Jacobi & Case, Milford, CT, David J. Freeman, Paul, Hastings, Janofsky & Walker, James J. Reardon, Jr., Deway & Leboeuf LLP, New York, NY, for Pitney Bowes, Inc. et al.

## RULING ON DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S DEMAND FOR A TRIAL BY JURY

JOAN GLAZER MARGOLIS, United States Magistrate Judge.

Plaintiff Innis Arden Golf Club commenced this action on August 30, 2006 (Dkt. # 1), which Complaint was superseded by an Amended Complaint, filed on September 20, 2006 (Dkt. # 4), and a Second Amended Complaint, filed on November 13, 2006 (Dkt. # 57), in which plaintiff alleges that its property was contaminated by hazardous substances released from property owned and/or controlled by defendants. Specifically, plaintiff asserts the following claims: against defendants Pitney Bowes, Inc. and Pateley Associates 1, LLC (which own and/or control property adjacent to plaintiff)—violation of CERCLA, 42 U.S.C. § 9601(9) (Count One), nuisance (Count Two) and violations of CONN. GEN.STAT. §§ 22a–427 and 22a–452 (Counts Three–Four); against defendants 375 Fairfield Avenues Associates, LLC, Irving Goldblum, and Murray, David, Charles, Laura, and Maxine Goldblum [collectively "the Goldblums"][1] (who own and/or control property up-gradient from plaintiff)—violations of CONN. GEN.STAT. §§ 22a–427 and 22a–452 (Counts Five–Six, Eight–Nine, Eleven–Twelve) and nuisance (Counts Seven, Ten, Thirteen); against defendant Metro–North Commuter Railroad Company (which owns and/or controls property adjacent to plaintiff)—nuisance (Count Fourteen) and violations of CONN. GEN.STAT. §§ 22a–427 and 22a–452 (Counts Fifteen and Sixteen); against defendant

---

1. Murray Goldblum died on July 25, 2005; defendants David, Michael, Charles, Laura, and Maxine Goldblum are the duly appointed co-executors of the estate of Murray Goldblum. (Dkt. # 57, ¶¶ 7–8).

Bronx Bar Supply Co., Inc. (which owns and/or controls property up-gradient from plaintiff)—nuisance (Count Sixteen), and violations of CONN. GEN.STAT. §§ 22a–427 and 22a–452 (Counts Eighteen and Nineteen); against defendant Global Development Enterprises, LLC (which owns and/or controls property up-gradient from plaintiff)—nuisance (Count Twenty) and violations of CONN. GEN.STAT. §§ 22a–427 and 22a–452 (Counts Twenty–One and Twenty–Two); and against all defendants—violation of CONN. GEN.STAT. § 22a–16 (Count Twenty–Three), and trespass (Count Twenty–Four). On September 28, 2007, 514 F.Supp.2d 328, United States District Judge Janet Bond Arterton issued her Ruling on Motions to Dismiss (Dkt. # 115), in which she dismissed Counts Three, Five, Eight, Eleven and Twenty–One, relating to negligence *per se,* under CONN. GEN.STAT. § 22a–427.

On December 19, 2007, defendants Pitney Bowes and Pateley Associates filed the pending Motion to Strike Plaintiff's Demand for a Trial by Jury. (Dkt. # 168). On January 7, 2008, the Goldblums filed their Motion for Joinder of the pending Motion to Strike (Dkt. # 171).[2] Three days later, 375 Fairfield Avenue Associates filed its Motion for Joinder (Dkt. # 173), which was followed by Global Development Enterprises' Motion for Joinder, filed on January 28, 2008 (Dkt. # 176), and Irving Goldblum's Motion for Joinder, filed January 31, 2008. (Dkt. # 178). On January 8, 2008, plaintiff filed its brief in opposition to defendants' Motion to Strike. (Dkt. # 172). One month later, on February 7, 2008, these pending motions were referred to this Magistrate Judge. (Dkt. # 186).[3]

For the reasons stated below, defendants' Motion to Strike Plaintiff's Demand for a Trial by Jury (Dkt. # 168) is *granted.* The Motions for Joinder (Dkts. ## 171, 173, 176, 178) are also *granted.*

## I. DISCUSSION

The Seventh Amendment to the United States Constitution provides that "[i]n Suits at common law, where the value in controversy shall exceed twenty dollars, the right of a jury shall be preserved." Where a party has properly demanded a jury trial, Federal Rule of Civil Procedure 39(a)(2) provides that "[t]he trial on all issues so demanded must be by jury unless . . . the court, on motion . . . finds that on some or all of those issues there is no federal right to a jury trial."

■ The jury right applies to "suits in which legal rights are to be ascertained and determined, in contradistinction to those where equitable rights alone are recognized, and equitable remedies are administered." *Chauffeurs, Teamsters & Helpers, Local No. 391 v. Terry,* 494 U.S. 558, 564, 110 S.Ct. 1339, 108 L.Ed.2d 519 (1990)["*Terry*"](emphasis, alterations, internal quotations & citation omitted). "To determine whether a particular action will resolve legal rights," the Court embarks on a two-part inquiry. *Id.* at 565, 110 S.Ct. 1339. "First, we compare the statutory action to the 18th-century actions brought in the courts of England prior to the merger of the courts of law and equity. Second, we examine the remedy sought and determine whether it is legal or equitable in nature." *Id.* (citations & internal quotations omitted); *see also Germain v. Conn. Nat'l Bank,* 988 F.2d 1323, 1328 (2d

---

2. Defendant Metro–North joins in this Motion, with the exception of the section pertaining to the CERCLA claim, which is not asserted against defendant Metro–North. (Dkt. # 168, at 9).

3. On December 28, 2007, defendants Pitney Bowes, Pateley Associates, and Metro–North filed a Motion to Compel (Dkt. # 169), which was also referred to this Magistrate Judge on February 7, 2008. (*See* Dkt. # 186). Defendants' Motion to Compel will be addressed in a separate ruling.

Cir.1993). "The second inquiry is the more important in our analysis." *Terry,* 494 U.S. at 565, 110 S.Ct. 1339 (citations omitted). "If the Court finds that even one of [p]laintiff's claims is legal, then absent the most imperative circumstances, ... [p]laintiff's right to a jury determination on that claim may not be abridged." *King v. Fox,* No. 97 Civ. 4134(RWS), 2007 WL 4207202, at *1 (S.D.N.Y. Nov. 20, 2007) (citation & internal quotations omitted). With the foregoing in mind, the Court now addresses plaintiff's claims.

## A. CERCLA COUNT

In Count One of plaintiff's Second Amended Complaint, plaintiff asserts a CERCLA claim, 42 U.S.C. § 9607 against defendants Pitney Bowes and Pateley Associates. Plaintiff "concedes that the current weight of authority would suggest that there is no right to a jury trial in an action brought pursuant to CERCLA." (Dkt. # 172–2, at 2).

## B. STATE STATUTORY CLAIMS

Plaintiff brings claims against defendants Pitney Bowes, Pateley Associates, 375 Fairfield Avenue Associates, Irving Goldblum and the Goldblums, Bronx Bar Supply, and Global Development Enterprises for violations of CONN. GEN.STAT. § 22a–452 (Counts Four, Six, Nine, Twelve, Sixteen, Nineteen, Twenty–Two), and against all defendants for violation of CONN. GEN.STAT. § 22a–16 (Count Twenty–Three). Plaintiff concedes that its action under § 22a–16 is for declaratory and injunctive relief, and that § 22a–16 is clearly a statute providing only equitable and declaratory relief. (Dkt. # 172–2, at 2). However, as for § 22a–452, plaintiff asserts that this is a statute providing an action for damages against entities or individuals "who are nothing more than, under the common law, tortfeasors." (Dkt. # 172–2, at 2)(footnote omitted).

■ Section 22a–452 of the Water Pollution Control Act provides for reimbursement for containment or removal costs and the associated liability for acts of mitigation or the lack thereof; however, the statute does not specify whether such cause of action preserves the right to a jury trial. It is well settled that the question of right to jury trial, even on state claims, is to be decided as a matter of federal law. *See Simler v. Conner,* 372 U.S. 221, 222, 83 S.Ct. 609, 9 L.Ed.2d 691 (1963). Further, when state-created rights are enforced in the federal courts, the federal courts are not bound by state jury practices. *Id.* As the U.S. Supreme Court explained in *Simler*:

> [T]he right to a jury trial in the federal courts is to be determined as a matter of federal law in diversity as well as other actions.... In diversity cases, of course, the substantive dimension of the claim asserted finds its source in state law ... but the characterization of that state-created claim as legal or equitable for purposes of whether a right to jury trial is indicated must be made by recourse to federal law.

*Id.* (multiple citations omitted); *see also Byrd v. Blue Ridge Rural Elec. Co-op., Inc.,* 356 U.S. 525, 538, 78 S.Ct. 893, 2 L.Ed.2d 953 (1958)("[T]here is a strong federal policy against allowing state rules to disrupt the judge-jury relationship in the federal courts."). Thus, this Court must undertake its *Terry* analysis, emphasizing the remedy sought under this § 22a–452, and then determine whether a right to jury trial exists under federal law.[4] Therefore, an examination of Section 22a–452 is required.

"[I]t is well established that remedial environmental statutes, such as § 22a–

---

4. Similarly, article first, § 19 of the Connecticut Constitution requires the same analytical approach, namely to determine whether there was a right to a trial by jury at the time of the

452(a), are to be construed liberally in order to effectuate the legislature's intent...." *ATC P'ship v. Coats N. Am. Consol., Inc.*, 284 Conn. 537, 549, 935 A.2d 115 (2007)(multiple citations omitted). As the Connecticut Supreme Court acknowledged, the "clear purpose of [the reimbursement provision of § 22a–452(a) ] is to encourage parties to pay for remediation by providing them with an opportunity to recoup at least some of their remediation costs from others who are also found to be responsible for the contamination." *Knight v. F.L. Roberts & Co., Inc.*, 241 Conn. 466, 475, 696 A.2d 1249 (1997)(footnote omitted). While plaintiff contends that it is seeking money damages, the "broad remedial purpose" of this statutory provision is a remedy akin to restitution, an equitable form of relief. *Id.*; *see Brown v. Sandimo Materials*, 250 F.3d 120, 126 (2d Cir.2001). Furthermore, in addition to the recognition of restitution as an equitable remedy under federal law, as defendants observe, the Connecticut Supreme Court has observed that "environmental action[s] ... cannot, consistently with Connecticut's common law history, be considered substantially similar to an action in debt, for which a state constitutional right to a jury trial would exist."

*Comm'r of Envtl. Prot. v. Conn. Bldg. Wrecking Co., Inc.*, 227 Conn. 175, 185, 629 A.2d 1116 (1993). Rather, because the "legislative goal of protecting the environment ... [is] a dominant goal in this and other environmental actions[,] ... this goal is restitutionary, or equitable, in nature," so that "environmental enforcement actions under our state's environmental statutes are primarily equitable." *Id.* at 187, 629 A.2d 1116. As stated above, and as is well established, the jury right does not extend to actions in equity.

## C. STATE COMMON LAW CLAIMS

Plaintiff's remaining claims include those for nuisance and trespass. As the U.S. Supreme Court has held, it is "immaterial that [a case] contains a stronger case for equitable relief.... It would make no difference if the equitable cause clearly outweighed the legal cause so that the basic issue of the case taken as a whole is equitable. As long as any legal cause is involved the jury rights it creates control." *Dairy Queen, Inc. v. Wood*, 369 U.S. 469, 473, n. 8, 82 S.Ct. 894, 8 L.Ed.2d 44 (1962), *quoting Thermo–Stitch, Inc. v. Chemi–Cord Processing Corp.*, 294 F.2d 486, 491 (5th Cir.1961).[5] Additionally, federal case law is clear that in federal diversity actions and "other actions," "the right to a jury

---

adoption of the state constitution, which was 1818. *See Comm'r of Envtl. Prot. v. Conn. Bldg. Wrecking Co., Inc.*, 227 Conn. 175, 182, 629 A.2d 1116 (1993) (citations omitted). "This test requires an inquiry as to whether the course of action has roots in the common law, and if so, whether the remedy involved was one in law or equity." *Id.* (citation omitted). Further, "[i]t is well settled that the right to a jury trial under article first, § 19 of the Connecticut [C]onstitution, as amended, does not include a right to a jury trial in an equitable action." *Texaco, Inc. v. Golart*, 206 Conn. 454, 458, 538 A.2d 1017 (1988)(multiple citations omitted).

**5.** The U.S. Supreme Court dictates that "[i]n cases which combine legal and equitable

claims, a jury must decide the former, including issues of fact common to both sets of claims[, after which] [t]he bench can then pass upon the equitable claims." *Gallagher v. Wilton Enterprises, Inc.*, 962 F.2d 120, 122 n. 3 (1st Cir.1992)(multiple citations omitted); *see Davila v. New York Hosp.*, No. 91 Civ. 5992(SWK)(NG), 1995 WL 115598, at *1–2 (S.D.N.Y. Mar. 17, 1995)(While under New York law, the joinder of legal and equitable claims waives the right to a jury trial, under federal law, the joinder of claims for legal and equitable relief does not result in a waiver of the plaintiff's right to a jury trial on the legal claims in federal court, nor does he lose his right to a jury trial because his claim for mental distress is merely incidental to his claims seeking equitable relief.).

trial in the federal courts is to be determined as a matter of federal law...." *Simler*, 372 U.S. at 222, 83 S.Ct. 609. As the U.S. Supreme Court has explained, "[t]he federal system is an independent system for administering justice to litigants who properly invoke its jurisdiction," and an "essential characteristic of that system is the manner in which, in civil common-law actions, it distributes trial functions between judge and jury and, under the influence—if not the command—of the Seventh Amendment, assigns the decisions of disputed questions of fact to the jury." *Byrd*, 356 U.S. at 537, 78 S.Ct. 893 (citation & footnote omitted). Thus, federal policy favoring jury decisions to resolve legal rights in which disputed fact questions exist could produce one result in federal court and the opposite result in state court. *See id.* at 538–40, 78 S.Ct. 893.[6] In making its determination, a federal court must look first to the state law to determine the elements of the cause of action and the propriety of remedies sought, and once that is done, the court turns to the federal law to "characterize" the action and remedies as either legal or equitable. *Simler*, 372 U.S. at 222, 83 S.Ct. 609.[7]

■ In Counts Two, Seven, Ten, Thirteen, Fourteen, Sixteen and Twenty, plaintiff seeks damages under its nuisance claim, which action historically entitles a plaintiff to a jury. *See F.P. Woll & Co. v. Fifth and Mitchell Street, Corp.*, No. Civ. A. 96–5973, 2005 WL 1592948, at *5 (E.D.Pa. July 1, 2005), *citing City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 726 n. 1, 119 S.Ct. 1624, 143 L.Ed.2d 882 (Scalia, J., concurring)(discussing historical treatment of nuisance as an action at law entitled to a jury)(additional citations omitted). However, plaintiff's damages claim arises out of the costs it has incurred abating the nuisance so that it was "able to use its property for its intended use." (Second Amended Compl. ¶¶ 23–24, 46–47, 60–61, 74–75, 79–80, 92–93, 105–06). This relief "is in the nature of equitable restitution." *United States v. Wade*, 653 F.Supp. 11, 13 (E.D.Pa.1984).[8] Moreover, in Count Twenty–Four, plaintiff asserts a claim of trespass, for which plaintiff seeks injunctive relief. Actions for continuing trespass have historically sounded in equity. *See Newfound Mgmt. Corp. v. Lewis*, 131 F.3d 108, 115 (3d Cir.1997)(multiple citations omitted).

In light of the conclusions reached herein, the Seventh Amendment jury right does not extend to plaintiff's claims sounding in equity.[9]

---

**6.** *See* n. 9 infra.

**7.** In its Second Amended Complaint, plaintiff seeks: (1) Money damages; (2) Reimbursement of its remediation expenses; (3) Attorney's fees; (4) Temporary and permanent injunctive relief requiring the defendants to take all steps necessary to protect plaintiff's property from PCB contamination, to ensure by appropriate monitoring or otherwise that such protection is effective and to restore plaintiff's property to its pre-contamination state; and (5) such other legal or equitable relief as the Court deems appropriate. (Dkt. # 57). Plaintiff's "characterization of remedy sought is not necessarily controlling on this point." *Brown*, 250 F.3d at 126, *citing Dairy Queen*, 369 U.S. at 477–78, 82 S.Ct. 894.

**8.** *See* n. 7 *supra*. Plaintiff's "characterization of remedy sought is not necessarily controlling on this point." *Brown*, 250 F.3d at 126, *citing Dairy Queen*, 369 U.S. at 477–78, 82 S.Ct. 894.

**9.** In this case, while an analysis of this issue under state law differs greatly, the result reached is the same. The Connecticut Supreme Court has held that when claims such as those at issue here for nuisance and trespass are combined with equitable issues in a single action, "whether the right to a jury trial attaches depends upon the relative importance of the two type of claims." *Texaco*, 206 Conn. at 459, 538 A.2d 1017. According to the Connecticut Supreme Court, "[t]o deter-

## II. CONCLUSION

For the reasons stated above, defendants' Motion to Strike Plaintiff's Demand for a Trial by Jury (Dkt. # 168) is *granted.* The Motions for Joinder (Dkts. ## 171, 173, 176, 178) are also *granted.*

*See* 28 U.S.C. § 636(b) (**written objections to ruling must be filed within ten days after service of same**); FED. R. CIV. P. 6(a), 6(e) & 72; Rule 72.2 of the Local Rules for United States Magistrate Judges, United States District Court for the District of Connecticut; *Small v. Secretary, H & HS,* 892 F.2d 15, 16 (2d Cir. 1989) (**failure to file timely objection to Magistrate Judge's recommended ruling** may preclude further appeal to Second Circuit); *Caidor v. Onondaga County,* 517 F.3d 601, 603–05 (2d Cir.2008) (**failure to file timely objection to Magistrate Judge's discovery ruling will preclude further appeal to Second Circuit**).

mine whether the action is essentially legal or essentially equitable, [the Court] must examine the pleadings in their entirety." *Id.* This analysis directly conflicts with the analysis under the Seventh Amendment as "[t]he Seventh Amendment question depends on the nature of the issue to be tried rather than the character of the overall action." *Ross v. Bernhard,* 396 U.S. 531, 538, 90 S.Ct. 733, 24 L.Ed.2d 729 (1970) (footnote & citation omitted). The gravamen of plaintiff's Second Amended Complaint and of defendants' multiple cross-claims (*see* Dkt. # 128, at 15; Dkt. # 132, at 12–13; Dkt. # 133, at 12–13; Dkt. # 134, at 12–13; Dkt. # 135, at 22–23; Dkt. # 136, at 9–10; Dkt. # 138, at 2–3) is to seek restoration of the environmental condition of plaintiff's property and reimbursement for the remediation performed to date; thus, plaintiff's tort claims are intertwined with the claims made under the federal and state environmental statutes.

In a case such as this, "where the essential right asserted is equitable in its nature and damages are sought in lieu of equitable relief or as supplemental to it in order to make that relief complete," the Connecticut Supreme Court has held that "the whole action is one in equity and there is no right to a jury trial.... Such a cause of action is not of right triable by jury, although the court has a discretion to submit issues arising in it to a jury." *Evans v. Gen'l Motors Corp.,* 277 Conn. 496, 517–18, 893 A.2d 371 (2006), *citing Berry v. Hartford Nat'l Bank & Trust Co.,* 125 Conn. 615, 619, 7 A.2d 847 (1939). Further, "[w]here incidental issues of fact are presented in an action essentially equitable, the court may determine them without a jury in the exercise of its equitable powers." *Northeast Savings, F.A. v. Plymouth Commons Realty Corp.,* 229 Conn. 634, 641, 642 A.2d 1194 (1994), *citing Doris v. McFarland,* 113 Conn. 594, 608, 156 A. 52 (1931). Thus, under an application of state law, the Court need not focus on the specific claims or determine whether federal law characterizes such claims as legal or equitable. Under an application of state law, if this were a case in which the "essential basis of the action is such that the issues presented would be properly cognizable in an action of law," then plaintiff would be correct in claiming a "right to have the legal issues tried to the jury, even though equitable relief is asked in order to give full effect to the legal rights claimed," but, as stated above, in an action that is "essentially equitable" with legal issues intertwined with the equitable relief, the jury right that applies to the legal issues, does not control. *Id.* (multiple citations omitted); *see also Conn. Nat'l Bank v. Rytman,* 241 Conn. 24, 53, 694 A.2d 1246 (1997)(multiple citations omitted).