STANLEY A. NOWSKY *vs.* ANDREW JOSEPH SIEDLECKI
ET UX.

Third Judicial District, New Haven, January Term, 1910.

BALDWIN, C. J., HALL, PRENTICE, THAYER and RORABACK, Js.

A judgment creditor who is defrauded by a voluntary conveyance of all his debtor's property is entitled, in one and the same suit, to ask for damages against all who participated in the fraud and also that the fraudulent conveyance be set aside.

A denial of several material allegations of fact raises separate issues.

Under General Statutes, § 722, as amended by Chap. 56, § 3, of the Public Acts of 1905, it is the duty of the party placing a cause on the jury list to specify what one or more of several issues of fact he desires to have tried to the jury; and in the absence of such selection the court may direct how any or all of them shall be tried. An order that the issues of fact be tried by jury embraces all the issues, and is within the discretionary power of the court.

Courts of equity have power to submit, in their discretion, an issue of fact to a jury. Whether the Act of 1905 (Public Acts, Chap. 236) is simply in affirmance of that power, or was designed to make the verdict, on an issue so submitted, conclusive upon the court, *quære.*

The object of our statute (§ 763) requiring the court to cause the facts on which final judgment is rendered, to appear on the record, is two-fold: first, to show what are those material facts within the issues which have been finally determined; and second, to present the question whether the judgment rendered is the true voice of the law upon those facts.

A judgment-file consists of three distinct parts: the first shows how the court acquired jurisdiction to pass judgment and what issues were presented for determination; the second shows what determination of those issues was made; and the third shows what adjudication was made by reason of such determination. Accordingly, if it does not appear that all the issues essential to support the judgment or decree rendered were found or determined, the decree is to that extent erroneous.

In the present case the plaintiff sought to have certain deeds set aside as fraudulent conveyances. Upon a trial to the jury, after all the evidence was in, the parties agreed to, and did, submit certain interrogatories or "issues" to the jury, all of which were answered. These interrogatories, however, did not cover all the issues, and the judgment-file disclosed no general verdict or finding of the issues in favor of either party. *Held* that under these circumstances a provision in the decree which could be justified only upon the theory that one or more of these other issues had been found and determined, was erroneous and unwarranted.

Special interrogatories to a jury, if treated as an incident of an ordinary jury trial, are allowable only as a means of testing the correctness and extent of a general verdict.

A suit to avoid a conveyance of land will not be stricken from the docket after the conclusion of the trial, upon the ground that the matter in demand exceeds $1,000, the limit of the court's jurisdiction, merely because there was evidence that the land cost the defendants $1,200, there being nothing in the record to show whether such evidence deserved or received credence, nor any statement of the value of the land in the complaint or judgment-file.

An assignment of error that "the court erred in failing to charge as requested" in ten separate requests which cover two printed pages of the record, some of which were in fact substantially complied with, is too general to require consideration by this court on appeal.

Upon the denial of an allegation that a conveyance made by a husband to his wife was fraudulent as against the plaintiff, a creditor of the husband, the burden of proof is upon the plaintiff, not upon the defendant wife who claims that she paid for the property and that it equitably belonged to her and not to her husband, who took the

Nowsky *v.* Siedlecki.

legal title; nor, under such circumstances, is the jury bound by any prima facie presumption of law that the owner of the legal title to land owns the equitable title as well.

A mere reference in the finding to a document introduced as an exhibit by one of the parties does not make it a part of the appeal record, nor can it become such because the clerk sees fit to print it at the request of the appellant.

Argued January 25th—decided February 3d, 1910.

ACTION to set aside a fraudulent conveyance, and for damages, brought to the Court of Common Pleas in New Haven County. The court (*Wolfe, J.*) ordered the issues of fact to be tried by the jury. Certain interrogatories were submitted to them and answered, and judgment rendered for the plaintiff. *Error and new trial ordered.*

The complaint stated this case: The defendant Andrew J. Siedlecki, on July 6th, 1906, secured a loan of $800 from the plaintiff by false representations. In October, 1906, the plaintiff sued him for such false representations, and in May, 1907, recovered a judgment for $918.59 damages, which remains wholly unsatisfied. Meanwhile, on July 23d, 1906, said defendant bought, in part at least with the $800 borrowed, a certain parcel of land, taking title in his own name; but soon caused it to be transferred to Franciszka Siedlecki, his wife, a codefendant, who still holds it. Such transfer was without consideration, and for the sole purpose of defrauding the plaintiff. Andrew J. Siedlecki belongs, and always has belonged, out of the State, and at all times mentioned in the complaint has been and is insolvent.

The claims for relief were for (1) a judgment that the deeds under which Mrs. Siedlecki derived title be set aside and declared void, and (2) $1,000 damages.

The charges of fraud, insolvency, and want of consideration for the transfer to Mrs. Siedlecki, were denied by the answers.

The plaintiff duly claimed the case for the jury trial list, and it was placed thereon, and specially assigned for trial on a certain day. On that day the defendants moved that it be struck from the list on the ground that the issues were strictly equitable and not triable to a jury. This motion was denied.

*Benjamin Slade,* for the appellant (defendant).

*Arthur H. Wadick* of New York, and *George E. Beers,* with whom was *Carl A. Mears,* for the appellee (plaintiff).

BALDWIN, C. J. A judgment creditor who complains that his debtor has transferred all his property, when insolvent, to his wife, by a voluntary and fraudulent conveyance, and that she participated in the fraud, has, among other remedies, one at law for compensation in damages against both the wrong-doers; and one in equity to have the fraudulent conveyance set aside. The plaintiff sought both these remedies, and had a right to seek both, in a single action. General Statutes, §§ 532, 721.

He had accordingly a right to claim that the case should be entered on the docket as a jury case. General Statutes, § 720.

The answer denied several paragraphs of the complaint, in each of which a material fact was alleged. A separate issue of fact was therefore raised as respects each. Practice Book (1908) p. 252, § 168; *Hatch* v. *Thompson,* 67 Conn. 74, 76, 34 Atl. 770. It thus became the plaintiff's duty, within three weeks after such issues were joined, to file a notice stating whether he desired all of them to be tried to the jury, and, if not all, which. This he did not do, and it was therefore for the court to direct how any or all of the issues should be tried. General Statutes § 722 (Public Acts of 1905,

Chap. 56, p. 284, § 3). The court ordered "the issues of fact to be tried by the jury." This order comprehended all the issues, and it was within the discretion of the court to make it.

The parties then went forward and produced their evidence on both sides upon the whole case, but, when it was all in, agreed to frame certain issues to be submitted to the jury, and accordingly framed four questions, each to be answered "Yes" or "No," which the court accepted.

On the argument before us, the plaintiff claimed that their submission to the jury could be justified on either of two theories. The first of these was that they came under the statute providing that "upon the application of either party, the court may order any issue or issues of fact which may have been or may hereafter be joined in any action demanding equitable relief to be tried by a jury." Public Acts of 1905, p. 441, Chap. 236. The second theory was that they were special interrogatories, submitted in the discretion of the court as an appropriate means of ascertaining particular conclusions of fact to which the jury might come in view of the evidence before them.

It is a long-established and well-recognized power of courts of equity to submit, in their discretion, an issue of fact to a jury. *Meriden Savings Bank* v. *McCormack*, 79 Conn. 260, 262, 64 Atl. 338. Whether the Act of 1905 is simply in affirmance of that power, or was designed to change the ancient practice so far as to make the verdict on an issue, so submitted, conclusive upon the court, we need not now inquire; for, in whatever light the course taken in the present instance be regarded, the judgment, as a judgment of a court administering equity, cannot stand.

The material part of the judgment-file reads as follows: "The parties appeared and were at issue to the

jury, as on file, and on the application of the plaintiff, to which the defendants objected, the court ordered the issues of fact to be tried by the jury.

"Said cause having been heard and committed to the jury and certain issues to be determined by them having been framed and submitted to them, counsel on either side agreeing upon the form of said interrogatories (the defendants, however, expressly reserving their objections to a jury trial), the jury returned their verdict and their answers to such interrogatories as follows: Issues to be determined by the jury: (1) Was the conveyance from Andrew J. Siedlecki to his wife, through Charles Novitsky, a fraudulent conveyance? Yes. (2) Was the plaintiff at date of conveyance and date of bringing suit, a creditor of defendant, Andrew J. Siedlecki? Yes. (3) Was the defendant, Andrew J. Siedlecki, insolvent at date of conveyance? Yes. (4) Was he insolvent at date of bringing this suit? Yes.

"The court accepted said answers to said interrogatories and said verdict.

"Thereupon the defendants filed their motion to set aside the finding or answers of the jury to said interrogatories, as on file: thence to the present day, when the court, having fully heard the parties, denied said motion.

"Whereupon it is adjudged that the conveyance from Andrew J. Siedlecki to Charles J. Novitsky, referred to in the complaint, being dated September 4, 1906, recorded in volume 81, page 595, of the Derby land records, and from Charles J. Novitsky to Franciszka Siedlecki, dated September 4, 1906, and recorded in volume 81, page 597, of the Derby land records, be and they are hereby declared to be fraudulent and void as against this plaintiff, so far as is necessary to secure the plaintiff's judgment.

"And it is further adjudged that of the original purchase money of said land the sum of $450 was furnished by the defendant Franciszka Siedlecki, and $800 from the money secured by the defendant Andrew J. Siedlecki from the plaintiff, as stated in the complaint.

"And it is further adjudged that the plaintiff is entitled to and there is hereby declared to exist in his favor two liens upon said land to secure the amount of the judgment mentioned in paragraph 6 of the substituted complaint, the same amounting, with costs and interest, to $1,000, the costs of this suit being taxed at $101.06; one of said liens to be in the sum of $800, and to be of equal priority with a lien of $450 in favor of the defendant Franciszka Siedlecki, being the amount contributed by her toward the purchase money, as hereinbefore stated; and the other of said liens to be in the sum of $301.06; being the balance of said judgment, with the costs of this suit, which lien shall be subsequent to said liens of $800 and $450, respectively, hereinbefore described; and said liens of the plaintiff to be prior to and superior to any right, title or interest of the defendants, or either of them, in or to said land, except the lien of the defendant Franciszka Siedlecki for $450, as hereinbefore described.

"And it is further adjudged that said land shall be sold at public auction, as a whole, upon the premises, subject to such liens and encumbrances as may exist in favor of other parties, by Carlos H. Storrs, of the town of Seymour, who is hereby appointed a committee for that purpose; said sale to take place on the first Monday of October, 1909, at 12 o'clock noon."

Directions follow for conducting the sale and distributing the proceeds, and that "should any portion of the judgment secured by the plaintiff remain unpaid after the application of the funds received from said sale, as hereinbefore provided, a supplemental judg-

ment shall be entered for such sum against said defendant Andrew J. Siedlecki, and that execution shall issue therefor."

The Rules under the Practice Act provide that when such a complaint is tried to the jury, either by agreement of the parties or order of court, under General Statutes, § 722 (Public Acts of 1905, Chap. 56, p. 284, § 3) "the court may render such judgment, not inconsistent with the verdict, as it may deem proper, either for legal or equitable relief, or both." Practice Book (1908) p. 257, § 193. Our statutes require that in every case going into final judgment, whether tried to the court or jury, the court shall cause the facts on which it founds such judgment to appear on the record. General Statutes, § 763; *Scholfield Gear & Pulley Co.* v. *Scholfield,* 70 Conn. 500, 503, 40 Atl. 182. The object of this section is, first, to show what are those material facts within the issues which have been finally determined; and second, to present the question whether the judgment is the true voice of the law upon those facts. *Corbett* v. *Matz,* 72 Conn. 610, 614, 45 Atl. 494.

There is in the judgment-file in the case at bar no general finding of the issues in favor of either party, and the only finding of any issue at all is the acceptance of the answers to the interrogatories, and of what the court describes as the verdict returned by the jury.

Assuming for the purposes of this appeal, that such acceptance established the facts to be such as the affirmative answer to each question indicated, these answers did not cover all the material facts which it was necessary to find, in order to support the judgment.

That purports to give the plaintiff two liens on the land in question, one for $800, "to be of equal priority with a lien of $450 in favor of the defendant Franciszka Siedlecki, being the amount contributed by her toward the purchase money, as hereinbefore stated;

and the other of said liens to be in the sum of $301.06; being the balance of said judgment, with the costs of this suit, which lien shall be subsequent to said liens of $800 and $450." Nothing had been previously stated in the judgment-file to show that Mrs. Siedlecki contributed anything toward the purchase money of the land.

This was one of the issues of fact raised by the pleadings, but not disposed of by the answers to the interrogatories. These, under the charge of the court, may be taken to have shown that the jury found that Andrew J. Siedlecki, being insolvent, made a conveyance to defraud the plaintiff, who was then his creditor, under which his wife acquired the legal title to the land, and that either this conveyance was without consideration, or was accepted by her with knowledge of its fraudulent character. They did not show that she put any money into the original purchase. The answer that the conveyance to her was fraudulent might have been based either upon a want of consideration or her participation in the intended fraud.

That part of the judgment-file in which the liens are imposed upon the property cannot serve also to supplement the prior findings of fact. A judgment-file consists of three distinct parts, each required for a different purpose. The first shows how the court acquired jurisdiction to pass judgment, and what issues were presented for determination. The second shows what determination of those issues was made. The third shows what adjudication was made by reason of such determination. The issues, whether of law or fact, so far as they are material to the proper disposition of the cause, must be finally determined, and the determination stated, before the court can advance to the final step of adjudging the consequent rights and duties of the respective parties.

This is required, not only as the orderly mode of proceeding, but because an opportunity is thus best afforded, in case the decretal part of the judgment should be erroneous, for an effective remedy, at the least cost of time or money, by the reversal on appeal of the judgment rendered, without destroying the foundations on which it was rested; for these, though insufficient to support it, may be sufficient to support a different judgment or, indeed, imperatively to require it. *Coughlin* v. *McElroy*, 72 Conn. 444, 446, 44 Atl. 743.

The reasons of appeal based upon the inadequacy of the finding to justify the judgment are therefore well taken.

These are equally fatal to any claim that can be made under the second theory, advanced by the plaintiff. If putting the four interrogatories to the jury can be treated as an incident of an ordinary jury trial, the judgment lacks the support of a general verdict. It is only as a means of testing the correctness and extent of such a verdict that special interrogatories can be allowed. *Freedman* v. *New York, N. H. & H. R. Co.*, 81 Conn. 601, 612, 71 Atl. 901.

After the conclusion of the trial the defendants moved that the case be stricken from the docket for want of jurisdiction, and because it appeared "from the undisputed evidence" that the matter in demand exceeded the value of $1,000.

The complaint did not state the value of the land in question, nor does the judgment-file. From the special finding made for the purposes of the appeal it appears that the defendants introduced evidence before the jury tending to prove that the purchase was made for $1,200, subject to a mortgage for $300, and that Mrs. Siedlecki paid through her husband the full $1,200. This finding simply establishes the fact that such evi-

dence was put in.   Whether it deserved or received credence in no way appears.   There is nothing in the record to show that the matter in demand exceeded the amount claimed as damages.   The motion to erase was therefore properly denied.

The defendant submitted a written request for ten separate instructions to the jury, covering two printed pages, and of which several were in fact substantially given in the charge.   The reason of appeal that "the court erred in failing to charge as requested" is too general to call for its consideration.   *State ex rel. Lynch* v. *Whitehouse*, 80 Conn. 111, 122, 67 Atl. 503.

Other errors assigned relate to points not likely to recur on another trial, and it is therefore unnecessary to consider them.   An error not assigned, however, we think it proper to notice, lest it might inadvertently be repeated in subsequent proceedings.   This was the instruction to the jury that "upon the claim of Mrs. Siedlecki that she paid for the property herself and that it equitably belongs to her, the burden is upon her to satisfy you by a preponderance of evidence.   The legal title having been taken by the husband, it is to be presumed, in the absence of evidence, that he took the equitable title as well.   But if it appears from the evidence and you are satisfied that she has shown it by the requisite degree of evidence, that she was entitled not only to the equitable title but to the legal title as well, she would satisfy the burden which is cast upon her by that claim which she makes."

The claim thus commented on arose under a mere denial of the averments in the complaint.   It was for the plaintiff to prove what he had alleged, and the jury was not bound by any prima facie presumption of law that the owner of the legal title to land owns the equitable title as well.   *Ward* v. *Metropolitan Life Ins. Co.*, 66 Conn. 227, 239, 33 Atl. 902, 50 Amer. St. 80.

At the request of the appellants, the clerk printed a document which is referred to in the finding made for the purposes of the appeal, as introduced by them, at the trial, as an exhibit. That reference did not make it a part of the record on appeal, and we have therefore given it no consideration.

There is error and a new trial is ordered.

In this opinion the other judges concurred.