THE SHELBY MUTUAL INSURANCE COMPANY *v.* WILHELMINA A. WILLIAMS ET AL.

KING, C. J., MURPHY, ALCORN, COMLEY and SHANNON, Js.

Argued October 14—decided November 19, 1964

*Sidney Axelrod,* for the appellant (defendant Comrie).

*Hyman Wilensky,* for the appellants (defendants Williams).

*Valentine J. Sacco,* with whom was *Robert P. Volpe,* for the appellee (plaintiff).

ALCORN, J. The objective of this action is to determine whether the plaintiff must defend the defendants Wilhelmina A. and Raymond E. Williams, and pay any judgment which might be rendered against them, in an action arising out of an automobile accident. A confusing method of attaining that objective has been resorted to. It is undisputed that the plaintiff had issued to Wilhelmina a liability insurance policy covering an automobile owned by her. The policy insured her, any resident of her household and any person using the automobile with her knowledge and permission against liability for claims for bodily injury and property damage. The policy contained the following clauses as a condition of the plaintiff's liability: "3. Notice: In the event of an accident, occurrence or loss, written notice containing particulars sufficient to identify the insured and also reasonably obtainable information with respect to the time, place and circumstances thereof, and the names and addresses of the injured and of available witnesses, shall be given by or for the insured to the company or any of its authorized agents as soon as practicable. In the event of theft the insured shall also promptly notify the police. If claim is made or suit is brought against the insured, he shall immediately forward to the company every demand, notice, summons or other process received by him or his representative. . . . 5. Assistance and Cooperation of the Insured . . . The insured shall not, except at his own cost,

voluntarily make any payment, assume any obligation or incur any expense other than for such immediate medical and surgical relief to others as shall be imperative at the time of accident." On January 1, 1958, Raymond E. Williams, Wilhelmina's son, who resided with her, was operating the automobile with her knowledge and permission. The defendant Raymond A. Comrie was a passenger in the automobile.

The plaintiff brought this action for a declaratory judgment, alleging the foregoing facts, which were admitted, and further alleging that Raymond E. Williams operated the car on a curve so that it skidded and turned over, causing Comrie to be thrown out and injured; that on January 1, 1958, Raymond E. Williams reported the accident to the Connecticut motor vehicle department on its standard form, including a report of Comrie's injuries; that Raymond E. Williams paid a $12 balance due on Comrie's hospital bill and paid his medical bill of $10 without the plaintiff's knowledge or consent; that on March 27, 1958, Comrie's attorney, by letter to Wilhelmina, made a claim for damages for the injuries sustained by Comrie; that Raymond E. Williams first notified the plaintiff or its agent of the accident and its details on April 2, 1958, and that the plaintiff believed and therefore averred that Comrie intended to sue Wilhelmina and Raymond E. Williams to recover damages for his injuries and, if he recovered a judgment, to sue the plaintiff to recover under its policy of insurance.

The action named Wilhelmina and Raymond E. Williams as defendants and sought a declaratory judgment determining whether they had breached their obligations under the quoted clauses of the policy; whether the plaintiff had the legal duty or obli-

gation to provide a defense in any action which might be brought by Comrie or to pay any judgment or costs which Comrie might recover against the Williams' or either of them; and whether the plaintiff was entitled to disclaim coverage under the policy because of a late notice of the accident and the payments made by Raymond E. Williams to Comrie.

After this action was commenced, Comrie brought suit against Wilhelmina and Raymond E. Williams for damages for injuries claimed to have been sustained in the accident, whereupon the plaintiff amended its complaint to allege that fact and to reiterate its belief that Comrie, if he obtained a judgment, would bring an action against the plaintiff to recover under its policy of insurance. Comrie was then joined as a party defendant in the present action.

The defendants did not, as they might have done, object that the case was not properly one for a declaratory judgment on the ground that the plaintiff should be left to other legal remedy. Practice Book § 309 (c); Redmond v. Matthies, 149 Conn. 423, 426, 180 A.2d 639. If the plaintiff considered itself relieved, by the insured's conduct, of the duty of defending an action under its policy, it could refuse to defend and have the present issues adjudicated in a defense to an action by the insured; or it could obtain the same adjudication in an action by the insured's judgment creditor under § 38-175 of the General Statutes. The defendants, however, joined issue and put the plaintiff to its proof on all of its allegations concerning the circumstances of the accident and the events which were alleged to have followed. Confusion was then increased when the defendants, or one of them, the specific responsibility not being clear from the record, claimed the

case to a jury. The plaintiff moved to strike the case from the jury docket, but the court denied the motion under what was then Practice Book, 1951, § 278 (f), now Practice Book, 1963, § 310 (f).

The parties then went to trial on the disputed issues, which consisted of all of the allegations of the complaint except the undisputed ones relating to the existence and terms of the policy of insurance. The plaintiff claimed to have proved the disputed allegations of its complaint, and, at the conclusion of the trial, the jury were asked to answer two interrogatories, namely: "(1) Was there a failure on the part of the defendants, Wilhelmina A. and Raymond E. Williams, to comply with the provisions of paragraph 3 of the policy as to notice? (2) Was there a failure on the part of the defendants, Wilhelmina A. and Raymond E. Williams to comply with the provisions of paragraph 5 of the policy as to assuming any obligation or incurring any expense?" Since none of the parties objected to this procedure, it is to be presumed that they assented to it. *Freedman* v. *New York, N.H. & H.R. Co.*, 81 Conn. 601, 611, 71 A. 901. The jury answered both questions in the affirmative, and all defendants thereupon moved to set aside the "verdict". Since none of the parties question the form which the jury's action took, it is unnecessary to discuss the distinction which exists between special verdicts and interrogatories, as explained on page 612 of the *Freedman* case. In addition to his motion to set aside the "verdict", Comrie also moved for judgment notwithstanding the verdict. The court denied the Williams' motion to set aside the "verdict" but granted Comrie's motion to set aside the "verdict" and for judgment notwithstanding the verdict. This action by the

court amounted to a determination that, as to Comrie, the plaintiff had failed to establish its right to a declaratory judgment. *Holt* v. *Wissinger,* 145 Conn. 106, 113, 139 A.2d 353. The court thereupon proceeded to hear the parties and determine the remaining issues. The court found the issues for the plaintiff and rendered the judgment from which all the defendants take this appeal.

The Williams' assign error in rulings on evidence, in the charge to the jury, in the court's conclusions, and in the judgment. Comrie assigns error in rulings on evidence, makes the same assignments as the Williams' as to the court's conclusions and assigns error in the court's refusal to charge as requested. He assigns the same errors in the form of the judgment as those assigned by the Williams', with the additional claim, in substance, that the judgment as rendered was not a judgment notwithstanding the verdict as to him. All the defendants indulge in needless, voluminous and time-consuming duplication in their assignments of error.

The court has filed a finding which embraces both the facts found by it and the facts claimed to have been proved by the parties in the trial to the jury. The rulings on evidence complained of do not require discussion. The attacks on the charge, joined in by all the defendants, center on the portions of the court's instructions relating to the quoted paragraphs of the insurance policy. In addition, Comrie assigns error in the court's failure to charge concerning claims of waiver and estoppel which he had sought to raise. Since, as already indicated, the court's action in granting Comrie's motion to set aside the "verdict" and for judgment notwithstanding the verdict had the effect of finding that the plaintiff had failed to establish its

action for a declaratory judgment against Comrie, it is unnecessary to discuss his assignments of error except as to the form of the judgment. We consider, therefore, only the errors assigned by the Williams' relating to those portions of the charge concerning the quoted paragraphs of the policy. We find no error in the charge involving the notice required by paragraph 3 of the policy. The court erred, however, in its charge concerning paragraph 5 of the policy. As to that paragraph the court told the jury, in substance, that if they found that Raymond E. Williams' action in paying Comrie's hospital and medical bills amounted to his assumption of an obligation for other than immediate medical and surgical relief imperative at the time, they must find that this payment violated the assistance and cooperation clause of the policy. Paragraph 5 provided only that the insured should not, except at his own cost, voluntarily make any such payment. Nothing in the language of the paragraph permitted the plaintiff to escape liability under the policy because of such payment. The issue should not have been submitted to the jury. The error was harmless, however, since the jury found that the Williams' had failed to comply with paragraph 3 of the policy.

The Williams' attack the court's conclusions of fact. These conclusions, however, find sufficient support in the finding and in the facts admitted in the pleadings. We note in passing that Comrie has assigned error in certain paragraphs of the finding which recite the plaintiff's claims of proof before the jury. This portion of the finding indicates that all of the evidence recited in it was offered and was claimed to have been proved against all the defendants. Actually, a substantial and significant part

of the evidence in the plaintiff's case was not offered against Comrie. For some obscure reason the plaintiff offered the testimony of its agent concerning the report of the accident made to him and of the activity of its representative in obtaining statements from both Raymond E. and Wilhelmina A. Williams, together with the contents of those statements, only against the Williams'. Comrie therefore is entitled to have the plaintiff's claims of proof as to these matters deleted as they affect him. The substantial difference in the quantum of evidence offered against Comrie, as thus indicated, doubtless explains the court's action with respect to Comrie's motion to set aside the "verdict" and for judgment notwithstanding the verdict.

There remain for discussion only the assignments of error as to the form of the judgment. A judgment file consists of three distinct parts: the first shows how the court acquired jurisdiction and what issues were presented for determination; the second, the determination made of those issues; and the third, the adjudication made by reason of that determination. *Nowsky* v. *Siedlecki,* 83 Conn. 109, 117, 75 A. 135. If we assume, without deciding, that the jury's answer to the interrogatories amounted to a verdict, the second part of the judgment file in this case recites that the court denied the motion to set aside the verdict "for" Wilhelmina and Raymond E. Williams, but that it set aside the verdict as to Comrie and entered judgment notwithstanding the verdict in his favor. The effect of that action has already been stated. The judgment then recites that the parties appeared, were at issue and were heard by the court as to the entry of a declaratory judgment. It appears from the final portion of the judgment that the court adjudged as

a declaratory judgment that the Williams' breached their obligation under the contract of insurance and that the plaintiff has no legal duty to defend any action brought against them by Comrie. The judgment then improperly purports to adjudicate that the plaintiff is under no legal duty to pay any judgment or costs which Comrie may recover against one or both of the Williams'. Since the court had determined that the plaintiff had failed to establish a right to a declaratory judgment as to Comrie, it no longer could properly adjudicate the jural relations between the plaintiff and Comrie. It was limited to a declaration, as between the plaintiff and the Williams', concerning the plaintiff's obligation to provide a defense for the Williams' or to cause its attorneys to enter an appearance and defend them in any action brought by Comrie.

There is error in the form of the judgment, it is set aside and the case is remanded with direction to render judgment in accordance with this opinion.

In this opinion the other judges concurred.