[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE DEFENDANT'S MOTION TO STRIKE FROM JURYDOCKET AND PLAINTIFF'S APPLICATION TO TRY ISSUES ISSUES DEMANDINGEQUITABLE RELIEF TO THE JURY
On March 25, 1996, the plaintiff, Michael Fimiani, filed a three count complaint against the defendants alleging that he has been a police officer for the New Haven Police Department since 1976, that throughout his career, he was promoted to various positions, earning the rank of detective in 1989, that from 1982 to 1988, he "was assigned to various capacities to the charge of the then Mayor of the City of New Haven, Honorable Biagio DiLieto, including but not limited to that of driver and escort for the Mayor" and that it was very well known that he politically supported DiLieto. In 1990, the plaintiff alleges that he had completed all of the requirements necessary to be promoted to the rank of sergeant but that he was not so promoted because of his past political affiliation with DiLieto.
The plaintiff has since been promoted to the rank of sergeant but continues to maintain this suit for back pay. He alleges a violation of 42 U.S.C. § 1983 in count one of the complaint, a violation of General Statutes § 31-51q in count two and a violation of section 203 of the Charter of the City of New Haven in count three. In his prayer for relief, the plaintiff requests that the court enter a declaratory judgment stating that the plaintiff was denied his promotion in violation of both the state and federal constitutions, and both state and federal law. He also requests a permanent injunction against the defendants ordering them to cease depriving the plaintiff of his constitutional rights and a mandamus ordering that he be promoted CT Page 7293 to the rank of sergeant. He also seeks increased pay and benefits retroactive to December 11, 1990 as well as compensatory and punitive damages, and attorneys fees and costs of the action.
The defendants have moved to strike the case from the jury docket based on the; claim that this is essentially a case seeking equitable relief and as such should not be tried to the jury. The plaintiff has now filed an application to try issues demanding equitable relief to the jury pursuant to General Statutes § 52-218. According to the plaintiff, this action is essentially one at law and the claims for equitable relief are merely in aid of or supplemental thereto. The plaintiff also states that even if the court disagrees and finds that the equitable issues are not merely incidental to the legal claims, the plaintiff is still entitled to have his legal issues tried before a jury.
General Statutes § 52-218 provides that "[u]pon the application of either party, the court may order any issue or issues of fact in any action demanding equitable relief to be tried by a jury of six." "It is a long-established and well-recognized power of courts of equity to submit, in their discretion, an issue of fact to a jury." Nowsky v. Siedlecki,83 Conn. 109, 113, 75 A. 135 (1910). The Supreme Court of Connecticut, however, has cautioned that "[o]ur experience with records on appeal in cases where these issues have been separately tried indicates that this discretion should be sparingly exercised." Lombardi v. Laudati, 124 Conn. 569, 571,200 A.2d 1019 (1938).
Since the plaintiff has already been promoted to the rank of sergeant, he no longer requires a mandamus ordering that he be promoted to such a rank or a permanent injunction compelling the defendants to stop depriving the plaintiff of his constitutional rights. What remains, therefore, is an action that is essentially one for a declaratory judgment stating that the plaintiff was denied his promotion, in violation of his rights under the state and federal constitutions, and under state and federal law, because of his past political affiliation with DiLieto, and seeking, on the basis of such a judgment, back pay and other benefits due him.
The complaint raises disputed factual issues regarding the reason for the earlier denial of a promotion. Whether the defendants denied the plaintiff his promotion because of his CT Page 7294 political affiliation and the amount of any back pay due are factual disputes essential to the plaintiff's claims. These issues may be properly determined by a jury. See Straub v.Killen, Superior Court, judicial district of New Haven at Meriden, Docket No. 245511 (May 20, 1996, Silbert, J.) (holding that the plaintiffs were entitled to a jury trial on disputed factual issues.). Accordingly, since the court is permitted to allow a plaintiff to try factual issues to a jury in an action for equitable relief, and because factual issues exist which a jury may properly determine, the defendants' motion to strike the case from the jury list is denied, and the plaintiff's application to try issues issues demanding equitable relief to the jury is granted.
Jonathan E. Silbert, Judge