[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
ISSUE
Whether the court should grant the defendant's motion for declaratory judgment and find the limits of the plaintiff's insurance policy to be as the defendant claims.
FACTS
On September 27, 1995, the plaintiff brought a one count complaint against the defendant, Metropolitan Property Casualty Insurance Company (Metropolitan), alleging damages from the defendant's failure to pay under the uninsured/underinsured (UM) portion of an insurance policy issued by the defendant that is held by the plaintiff. The plaintiff's claim arises from an CT Page 558 October 13, 1993 car accident in which the underinsured tortfeasor was also insured by Metropolitan.
On September 3, 1996, pursuant to General Statutes §52-29, the defendant moved for declaratory judgment as to the amount of UM coverage provided by the defendant's contract of insurance with the plaintiff. On October 25, 1996, the plaintiff responded to the defendant's motion for declaratory judgment, objecting to the limits urged by the defendant and countermoving the court for a finding of higher policy limits.
DISCUSSION
"An action for declaratory judgment is a special proceeding."Wilson v. Kelley, 224 Conn. 110, 121, 617 A.2d 433 (1992). "The purpose of a declaratory judgment action, as authorized by General Statutes § 52-29 and Practice Book § 390, is to `secure an adjudication of rights where there is a substantial question in dispute or a substantial uncertainty of legalrelations between parties.'" Id., 115, quoting ConnecticutAssociation of Health Care Facilities Inc. v. Worrell, 199 Conn. 609,613, 508 A.2d 743 (1986); see also Fournier v. ShakleeCorp. , Superior Court, judicial district of Hartford-New Britain at New Britain, Docket No. 455413 (May 6, 1994, Lavine, J.,11 Conn. L. Rptr. 443, 444).
General Statutes § 52-29 (a) provides: "The Superior Court in any action or proceeding may declare rights and other legal relations on request for such a declaration, whether or not further relief is or could be claimed. The declaration shall have the force of a final judgment." (Citations omitted.) State v.Carey, 222 Conn. 299, 308, 610 A.2d 1147 (1992). "The sole function of the trial court in a declaratory judgment action is to ascertain the rights of the parties under existing law."Fournier v. Shaklee Corp. , supra, citing Halpern v. Board ofEducation, 196 Conn. 647, 654-55, 495 A.2d 264 (1985). "Declaratory judgment actions have been used to determine the rights and liabilities of parties under an automobile insurance policy." Fournier v. Shaklee Corp. , supra; see also Shelby MutualInsurance Co. v. Williams, 152 Conn. 178, 179, 205 A.2d 372
(1965).
In the present case, the defendant argues that the policy held by the plaintiff provides UM coverage limits of $50,000/$100,000, and does not allow stacking. The plaintiff, CT Page 559 however, claims that she did not elect $50,000/$100,000 in UM coverage in writing, as required by General Statutes §38a-336 (a)(2), and is, therefore, entitled to coverage equal to her liability limits ($100,000). The plaintiff further argues that she may stack the higher coverage because she has two cars on the policy, entitling her to an additional $100,000, for a total of $200,000 in applicable coverage.
Effective July 1, 1989, any automobile liability policy must provide UM coverage equal to the liability coverage unless the insured requests in writing a lesser amount of UM coverage, but the lesser amount of UM coverage cannot be less than the minimum statutory limit. General Statutes § 38a-336 (a)(2). The intent of the legislature in adopting subsection (2) was to insure "that the decision to reduce uninsured motorist coverage by consumers be an informed one." Nationwide Mutual Ins. Co. v.Pasion, 219 Conn. 764, 771, 594 A.2d 468 (1991), citing TravelersIndemnity Co. v. Malec, 215 Conn. 399, 402-03, 576 A.2d 485
(1990).
The application for insurance coverage signed by the plaintiff is attached to the defendant's motion for declaratory judgment as Exhibit C. The application includes a schedule of coverage with corresponding costs. Under the "UNINSURED MOTORISTS (NON-STACKED)," the "BODILY INJURY (MAXIMUM POLICY LIMITS)" box shows $50 per person/$100 per accident and the corresponding cost for this coverage is $77. This area is followed by another area under a thick black line entitled "UM ELECTION." Inside this area is the explanation of UM coverage and states that "CONNECTICUT LAW REQUIRES THAT AUTOMOBILE POLICIES INCLUDE UM COVERAGE LIMITS EQUAL TO THE BODILY INJURY LIABILITY LIMITS IN YOUR POLICY, UNLESS YOU REQUEST A LOWER LIMIT IN WRITING. PLEASE INDICATE YOUR UM SELECTION BY CHECKING THE APPROPRIATE BOX BELOW." Following this statement are two boxes, the first of which states "I SELECT UM LIMITS EQUAL TO MY BODILY INJURY LIMITS" and the second box states "I SELECT UM LIMITS WHICH ARE LESS THAN MY BODILY INJURY LIABILITY LIMITS, AS SHOWN ABOVE." Neither of these boxes is checked by the plaintiff, but she did sign on the space provided in this area.
The UM ELECTION section of the plaintiff's insurance policy, with none of the available options checked by the plaintiff, makes the policy ambiguous. "Under well established rules of construction, any ambiguity in the terms of the insurance policy must be construed in favor of the insured because the insurance CT Page 560 company drafted the policy." Stephan v. Pennsylvania General Ins.Co., 224 Conn. 758, 763, 621 A.2d 258 (1993), citing Streitheiserv. Middlesex Mutual Assurance Co., 219 Conn. 371, 375,593 A.2d 498 (1991). Furthermore, the section does not correspond to the requirements for the insured selecting lower uninsured motorist coverage in writing as specified in General Statutes §38a-336 (a)(2). The defendant provides no evidence to support its contention that the plaintiff elected lower coverage than the liability limits. Accordingly, the court finds that the plaintiff is covered to the liability limits of her policy, or $100,000.
The defendant also contends that the plaintiff is not entitled to "stacking" under her policy. "`Stacking' refers to the ability of the insured, when covered by more than one insurance policy, to obtain benefits from a second policy on the same claim when recovery from the first policy alone would be inadequate. . . . Intra-policy stacking is the aggregation of the limits of liability for uninsured-motorist coverage of each car covered in one policy . . . .'" (Citations omitted.) NationwideIns. Co. v. Gode, 187 Conn. 386, 388-89 n. 2, 446 A.2d 1059
(1982), rev'd on other grounds, Covenant Ins. Co. v. Coon,220 Conn. 30, 36, 594 A.2d 977 (1991); Curran v. Aetna Casualty andSurety Co., 222 Conn. 657, 669, 610 A.2d 1198 (1992). Underinsured motorist coverage and uninsured motorist coverage are to be treated the same for stacking purposes. Nationwide Ins.Co. v. Gode, supra, 397.
"While [General Statutes § 38a-336] does not expressly address stacking, . . . the statute does not prohibit aggregation of coverage." Curran v. Aetna Casualty and Surety Co., supra,222 Conn. 669, citing Cohn v. Aetna Ins. Co., 213 Conn. 525, 529,569 A.2d 541 (1990); see also Kent v. Middlesex Mutual Assurance Co.,226 Conn. 427, 432, 627 A.2d 1319 (1993). Intrapolicy stacking is permitted "where each of several vehicles insured pursuant to one policy [is] separately described and individual premiums [are] charged for uninsured motorist coverage of each vehicle." (Citations omitted.) Curran v. Aetna Casualty and Surety Co., supra, 669.[1]
Referring to the plaintiff's insurance policy issued by the defendant, the UM ELECTION section contains the following language: "NOTE: YOU MUST COMPLETE THE SEPARATE NON-STACKING UNINSURED MOTORISTS COVERAGE ELECTION FORM IF YOU WOULD LIKE TO SELECT THE NON-STACKING COVERAGE OPTION." The plaintiff claims, and the defendant admits, that the plaintiff did not sign a form CT Page 561 separate from the insurance application forms. There is no evidence that the plaintiff elected non-stacked coverage. Accordingly, the court finds that, because the plaintiff's insurance policy covers two vehicles, these may be stacked, providing the plaintiff with an additional $100,000 in UM coverage.
CONCLUSION
Accordingly, the court hereby grants the defendant's motion for declaratory judgment and finds the limits of coverage under the insurance policy held by the plaintiff to be $200,000 in accordance with the foregoing discussion.
D. Michael Hurley Judge Trial Referee